JERRY L. BRINEGAR, JR., Plaintiff-Appellee, v. DEL ALLEN REEVES, Defendant-Appellant.

Fourth District    No. 4—96—0451

Opinion filed June 23, 1997.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellant.

Scott Anderson, Jr., of Champaign, for appellee.

JUSTICE COOK delivered the opinion of the court:

In May 1992, Del Allen Reeves was in a motor vehicle accident involving Jerry L. Brinegar, Jr. At the time of the accident, Reeves was apparently working as an employee of the Illinois Department of Transportation (IDOT). Brinegar filed a lawsuit against Reeves seek-

ing damages. Since Reeves was acting within the scope of his employment at the time of the accident, he was entitled to representation by the Illinois Attorney General and was also entitled to indemnification for any judgment. See Ill. Rev. Stat. 1991, ch. 127, par. 63b4(k) (now 20 ILCS 405/64.1(k) (West 1994)). Following a bench trial, the court entered a judgment in favor of Brinegar. The court found Reeves liable for $1,159.60 for past medical expenses and $1,000 for pain and suffering, for a total of $2,159.60 plus costs.

Although the record in this case contains many gaps, it appears that Brinegar then filed a citation against Reeves personally to discover Reeves' assets, and Reeves (through his attorney, the Attorney General) filed a motion to quash the citation. The Attorney General argued the citation should be quashed because the Illinois Department of Central Management Services had requested IDOT to process the judgment due Brinegar. In the course of processing, the Illinois Department of Public Aid (Department) advised the Office of the Comptroller (Comptroller) that Brinegar owed money for delinquent child support. The Comptroller, pursuant to sections 10.05 and 10.05a of the State Comptroller Act (Act) (15 ILCS 405/10.05, 10.05a (West 1994), withheld payment of the judgment and notified Brinegar that he had 30 days to file a protest.

The record is wholly silent as to whether Brinegar filed a protest with the Comptroller. Regardless, the state argued there are three possible outcomes: (1) Brinegar did not protest the Department's claim to the money and the Comptroller paid the amount of judgment toward Brinegar's child support debt; (2) Brinegar filed an unsuccessful protest with the same result; or (3) Brinegar filed a successful or partially successful protest and the Comptroller paid the amount of the judgment or a portion thereof to Brinegar. (There is another possibility: that the Comptroller did not do anything.) Regardless of the outcome, the state argued that sections 10.05 and 10.05a of the Act created a statutory lien upon the judgment against Reeves and that the judgment had been satisfied by application of the payment toward Brinegar's debt with the Department. The trial court disagreed with the state's analysis, denied Reeves' motion to quash the citation, and ordered Reeves to pay the judgment. That decision was stayed pending appeal.

■ We first consider a jurisdictional argument. The Attorney General does not raise this argument, but we have an independent duty to consider matters going to our jurisdiction. An action brought nominally against a state employee in his individual capacity will be found to be a claim against the state where a judgment for the plaintiff could operate to control the actions of the state *or subject it*

*to liability. Currie v. Lao*, 148 Ill. 2d 151, 158, 592 N.E.2d 977, 980 (1992). Claims against the state must be brought in the Court of Claims and cannot be brought in the circuit court. 745 ILCS 5/1 (West 1994). This court held, in *Oppe v. State of Missouri*, 171 Ill. App. 3d 491, 493-94, 525 N.E.2d 1189, 1191 (1988), that where the state is required to indemnify state employees the action is one against the state and must be brought in the Court of Claims. *Oppe* has been criticized on the basis it requires plaintiffs to sue in the Court of Claims whenever a state employee has a right to indemnity, but state employees may not be sued in the Court of Claims, with the result that the state will never have to indemnify its employees. K. Beyler & P. Kelley, *Jurisdiction and Immunity in Suits Against State Employees After Healy v. Vaupel*, 79 Ill. B.J. 612, 617 (1991). The first district has noted the result in *Oppe* is correct on its facts but concluded that the language of the indemnification statute does not, standing alone, show a legislative intent that indemnification cases be tried in the Court of Claims. *Janes v. Albergo*, 254 Ill. App. 3d 951, 966, 626 N.E.2d 1127, 1137 (1993); Ill. Rev. Stat. 1991, ch. 127, par. 1302(d) (reference to jury trials, which are not provided for in Court of Claims cases). We agree with *Janes* and conclude the circuit court had jurisdiction in the present case.

## I. ANALYSIS

■ Reeves is the nominal appellant, but it is clear that the real party in interest is the state. The state argues that the trial court was in error. In pertinent part, section 10.05 of the Act provides:

"Whenever any person shall be entitled to a warrant or other payment from the treasury or other funds held by the State Treasurer, on any account, against whom there shall be any account or claim in favor of the State, then due and payable, the Comptroller, upon notification thereof, shall ascertain the amount due and payable to the State, as aforesaid, and draw a warrant on the treasury or on [the] other funds held by the State Treasurer, stating the amount for which the party was entitled to a warrant or other payment, the amount deducted therefrom, and on what account, and directing the payment of the balance; which warrant or payment as so drawn shall be entered on the books of the Treasurer, and such balance only shall be paid. The Comptroller may deduct the entire amount due and payable to the State or may deduct a portion of the amount due and payable to the State in accordance with the request of the notifying agency." 15 ILCS 405/ 10.05 (West 1994).

Section 10.05a of the Act allows the Department to direct the Comptroller to deduct past-due child support from a warrant or pay-

ment described in section 10.05 of the Act, and specifically provides that "[s]uch deduction shall have priority over any garnishment except that for payment of state or federal taxes." 15 ILCS 405/10.05a (West 1994).

In interpreting an earlier version of section 10.05 of the Act, the Court of Claims noted that the statute simply means:

> "[W]hen the [Comptroller] finds the claimant to whom a warrant is payable owes the State on any claim whatever, that a balance shall be struck, claimant required to pay the claim, and the balance if any, is to be remitted to claimant by warrant on the treasurer by the balance so found to be due." *Bunn Capitol Grocery Co. v. State*, 12 Ill. Ct. Cl. 380, 383-84 (1943).

The state argues that, pursuant to sections 10.05 and 10.05a, the Comptroller has satisfied the judgment against Reeves by applying money due Brinegar toward Brinegar's debt with the Department and that Brinegar is not entitled to any recovery from Reeves. We disagree.

■ This case is resolved by looking to the plain language of the statute. The state is allowed to make a setoff pursuant to section 10.05 of the Act when the claimant is "entitled" to a warrant or other payment from the state. 15 ILCS 405/10.05 (West 1994). In the instant case, the state has not demonstrated that Brinegar was *entitled* to a payment from the state. That the state chooses to indemnify its employees under certain circumstances does not transform a suit against an individual defendant into a suit against the state. See *Janes*, 254 Ill. App. 3d at 965-66, 626 N.E.2d at 1136-37; *Williams v. Lane*, 818 F. Supp. 1212, 1213 n.1 (N.D. Ill. 1993). Plainly put, Brinegar was entitled to a payment from Reeves, and Reeves was the subject of the supplementary proceeding. The form of the action controls the outcome of this case.

The outcome of this case would have been the same had the Department, as a judgment creditor, attempted to enforce its judgment against Brinegar by attaching Reeves' obligation to pay the judgment. As noted, pursuant to section 10.05a of the Act, the Department may direct the Comptroller to deduct from a warrant or payment the amount necessary to satisfy "past[-]due support owed by a person on account of support action being taken by the Department under Article X of The Illinois Public Aid Code [(Code) (305 ILCS 5/10—1 *et seq.* (West 1994))]." 15 ILCS 5/10.05a· (West 1994). Section 10—10 of the Code states that "[a]ny new or existing support order entered by the court under this [s]ection shall be deemed to be a series of judgments against the person obligated to pay support thereunder." 305 ILCS 5/10—10 (West 1994). That section also states that

"[e]ach such judgment shall have the full force, effect *and attributes* of any other judgment of this State, including the ability to be enforced." (Emphasis added.) 305 ILCS 5/10—10 (West 1994). Section 10—11 of the Code, which allows the Department to proceed under an administrative hearing, contains similar language. 305 ILCS 5/10—11 (West 1994).

Under these statutes, once an order has been entered, the Department becomes, in essence, a judgment creditor of the person obligated to pay support. Even if the Department were to attempt to enforce its judgment against Brinegar from the amount Reeves owed Brinegar by way of a garnishment proceeding, section 12—1001 of the Code of Civil Procedure exempts several types of personal property from judgment, attachment, or distress for rent, including the debtor's right to receive, or property traceable to, a payment, not to exceed $7,500 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent. 735 ILCS 5/12—1001(h)(4) (West 1994). Thus, the Department would be unsuccessful in seeking to attach the judgment due Brinegar from Reeves. We note that section 10—16.2 of the Code allows the Department to seek an order to withhold an obligor's *income* and that "[a]ny other State or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply." 305 ILCS 5/10—16.2(A)(4) (West 1994). However, "income" is defined in that section as being "any form of periodic payment." 305 ILCS 5/10—16.2(A)(4) (West 1994). A lump-sum payment of a personal injury judgment is not a periodic payment.

Finally, we note that the outcome may have been different had Brinegar been successful in either a supplementary or a garnishment proceeding against the state, which would have directly obligated the state to pay Brinegar, because the state would then have been entitled to a setoff. It has long been the rule that the "garnishee is entitled to assert against the indebtedness due to the judgment debtor offsetting claims against either or both the judgment creditor and the judgment debtor." 735 ILCS 5/12—708 (West 1994); see also *Finch v. Alexander County National Bank*, 65 Ill. App. 337, 339-40 (1896). In any event, we need not decide these issues. The state may have voluntarily attempted to indemnify Reeves, but Brinegar has not sought and is not entitled to a payment from the state. Accordingly, the state is not entitled to set off the payment pursuant to section 10.05 of the Act.

We recognize that once Reeves has paid the amount of the judgment to Brinegar, Reeves will be entitled to look to the state for indemnification. That will be a matter, however, between Reeves and

the state. As between Reeves and Brinegar, Reeves had no right to pay the Department for Brinegar's child support obligation. The state, as the indemnitor of Reeves, had no right to satisfy the judgment against Reeves by a payment to a creditor of Brinegar.

## II. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

STEIGMANN, P.J., and GARMAN, J., concur.