**In re Robert A. RIEMAN and Linda L. Rieman, Debtors.**

**Robert A. Rieman and Linda L. Rieman, Plaintiffs,**

v.

**Allied Insurance, Defendant.**

**Bankruptcy No. 99–60464.**

**Adversary No. 02–4127.**

United States Bankruptcy Court, S.D. Illinois.

Jan. 23, 2003.

Rodney Louis Smith, Charleston, IL, for Debtors.

Mark L. Shaner, Robinson, IL, for Donald Hoagland, trustee.

*OPINION*

GERALD D. FINES, Chief Judge.

This matter having come before the Court for trial on Debtors' Motion to Determine Extent of Lien Pursuant to 11 U.S.C. § 506; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the

following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Findings of Fact

The material facts in this matter are not in dispute, and are, in pertinent part, as follows:

1. Debtors filed for relief under Chapter 13 of the Bankruptcy Code on May 28, 1999.

2. On November 29, 1999, Debtors' Chapter 13 bankruptcy proceeding was converted to one under Chapter 7 of the Bankruptcy Code.

3. Prior to filing for relief under the Bankruptcy Code, Debtor, Robert A. Rieman, was involved in an automobile accident during the course of his employment.

4. Based upon the fact that the automobile accident at issue occurred while the Debtor, Robert A. Rieman, was working, the Debtor pursued a Worker's Compensation claim against his employer's insurer, Allied Insurance.

5. As a result of his Worker's Compensation claim, Allied Insurance paid medical benefits on behalf of Debtor, Robert A. Rieman, in the approximate amount of $131,017.49.

6. In addition to his Worker's Compensation claim, Robert A. Rieman filed a personal injury lawsuit against Paul Strobel for his alleged negligence in causing the automobile accident in which Robert A. Rieman was injured.

7. The personal injury action against Paul Strobel was settled for the policy limits of $100,000.

8. Pursuant to 820 ILCS 305/5(b), Defendant, Allied Insurance, asserted a lien on the proceeds received by Robert A. Rieman in his personal injury case to recoup the Worker's Compensation benefits paid under the Debtor's Worker's Compensation claim.

9. After payment of attorney's fees, the amount remaining on the personal injury settlement is $75,000. Defendant, Allied Insurance, seeks to have this sum paid to it in satisfaction of its Worker's Compensation lien.

10. Debtor, Robert A. Rieman, wishes to assert his personal injury exemption, pursuant to 735 ILCS 5/12–1001(h)(4), as the lien impairs his personal injury exemption. It is the position of Debtor, Robert A. Rieman, that he should receive the sum of $7,500 as and for his personal injury exemption, with the remaining proceeds to be paid to Allied Insurance on its Worker's Compensation lien.

## Conclusions of Law

The parties to this matter agreed that there were no facts in issue, and, as such, the parties submitted legal briefs. Argument was held on January 17, 2003. A thorough review of the case law cited by the parties leads the Court to conclude that the Debtors' assertion of a personal injury exemption over the statutory Worker's Compensation lien held by Defendant, Allied Insurance, must be denied.

In support of their position, Debtors cite the case of *Brinegar v. Reeves,* 289 Ill. App.3d 405, 224 Ill.Dec. 459, 681 N.E.2d 1080 (1997), for the proposition that Debtors are entitled to exempt $7,500 of the personal injury settlement proceeds prior to any payment to the Defendant, Allied Insurance. A careful review of the *Brinegar* case leads the Court to conclude that it is clearly distinguishable on its facts, and it does not support the conclusion suggested by the Debtors. The *Brinegar* case does not involve the Worker's Compensation statute and does not stand for the proposition as cited by the Plaintiffs.

In reviewing the cases cited by the Defendant and cases found by the Court, it is clear that the Worker's Compensation lien is a statutory lien and is, therefore, not

avoidable pursuant to 11 U.S.C. § 522(f), nor can it be subordinated to the Debtors' personal injury exemption under any other provision of the Bankruptcy Code. *See: In re Whitford,* 101 B.R. 559 (Bankr.S.D.Ill. 1989); *In re Elledge,* 1998 WL 2017634 (Bankr.D.S.C.1998); and *In re Carpenter,* 245 B.R. 39 (Bankr.E.D.Va.2000). The holdings under these cases are clear and factually on point. As such, the Court must conclude that the Debtors' attempt to assert a personal injury exemption as against the Worker's Compensation lien held by Allied Insurance must fail, leaving the Court no choice but to deny the Debtors' Motion to Determine Extent of Lien Pursuant to 11 U.S.C. § 506.