# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*CBS Outdoor, Inc. v. Department of Transportation*, 2012 IL App (1st) 111387

---

| | |
|---|---|
| Appellate Court Caption | CBS OUTDOOR, INC., Plaintiffs-Appellants, v. THE DEPARTMENT OF TRANSPORTATION, an Agency of the State of Illinois, and 31W356 DIEHL INVESTORS, LLC, an Illinois Limited Liability Company, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-1387 |
| Filed | March 30, 2012 |
| Rehearing denied | June 14, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's denial of plaintiff's complaint for writ of *certiorari* was reversed where the Illinois Department of Transportation lacked the authority to grant defendant a billboard permit under the Illinois Administrative Code after issuing a final denial of defendant's permit application. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-43446; the Hon. Lee Preston, Judge, presiding. |
| Judgment | Reversed and remanded with instructions. |

| Counsel on Appeal | William J.P. Banks, James R. Griffin, Robert C. Kenny, and Michael R. Burney, all of Schain, Burney, Banks & Kenny, Ltd., of Chicago, for appellant. |
| --- | --- |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellee Department of Transportation. |
| | Arnstein & Lehr LLP, of Chicago (Hal R. Morris, Thadford A. Felton, and Julie A. Meyer, of counsel), for appellee 31W356 Diehl Investors, LLC. |
| Panel | JUSTICE PALMER delivered the judgment of the court, with opinion. Justices Garcia and Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1   Plaintiff CBS Outdoor, Inc., appeals the trial court's denial of its writ of *certiorari* challenging the issuance of an outdoor billboard permit by defendant Illinois Department of Transportation (IDOT) to defendant 31W356 Diehl Investors, LLC (Diehl). We reverse and remand.

¶ 2   Diehl owned property located at 31W356 Diehl Road in Naperville (Diehl property). The Diehl property is adjacent to and south of Interstate 88 (I-88). Plaintiff had an agreement with Diehl to keep an outdoor billboard on the Diehl property until September 26, 2009, although plaintiff's lease on the property expired on April 30, 2009.

¶ 3   On June 26, 2009, Diehl submitted an application (application) to IDOT for an outdoor advertising sign permit (permit) for the Diehl property. In a cover letter to the application, Diehl stated that while plaintiff currently had an outdoor advertising sign on the Diehl property, Diehl was reviewing its rights to remove plaintiff's sign and requested that IDOT process Diehl's application. Diehl included a copy of a trustees' deed showing it owned the Diehl property, a Du Page County zoning ordinance effective May 1, 1957, and a zoning map designating the property as "Manufacturing 2" property. "Manufacturing 2" is the zoning designation required for the billboard Diehl was seeking. While the application described the proposed sign location as "60 feet from the N side of the highway right of way," the documents accompanying the application showed the proposed sign location to be south of I-88.

¶ 4   In a July 9, 2009, letter, Paul Lauricella, zoning technician for Du Page County, sent a letter to IDOT erroneously stating that the Diehl property was zoned "F-Farming" in 1959.

¶ 5	On July 17, 2009, IDOT informed Diehl that it intended to deny Diehl's application because "[t]he location proposed does not meet spacing or zoning requirements." IDOT also included a checklist of items Diehl was required to submit. The letter stated that Diehl had 30 days from the receipt of the letter to provide required documentation or challenge IDOT's intent to deny, and that "[i]f the required documentation or a challenge is not received within 30 days after receiving this notice[, Diehl's] permit application will be closed."

¶ 6	On July 27, 2009, IDOT informed plaintiff it needed to remove its sign from the Diehl property because the sign was illegal and the "location did not meet zoning requirements." Plaintiff subsequently removed its sign.

¶ 7	On August 17, 2009, Diehl sent a written response to IDOT, challenging IDOT's July 17, 2009, notice of intent to deny the application. Diehl explained that, while IDOT had requested a letter confirming the Diehl property was located within municipal limits as of September 21, 1959, the Diehl property was located in unincorporated Du Page County, and the Du Page County zoning ordinance passed before that date designated the Diehl property as zoned manufacturing.

¶ 8	On September 9, 2009, plaintiff filed an application for a new billboard sign permit on property located at 31W350 Diehl Road (31W350 property), which is adjacent to the Diehl property.

¶ 9	On September 17, 2009, plaintiff's counsel wrote to IDOT, acknowledging receipt of IDOT's July 27, 2009, letter that asked plaintiff to remove its sign from the Diehl property. Plaintiff's counsel then stated:

> "We are also aware that your office recently received an application for an outdoor advertising sign at that same location during the time that [plaintiff's] sign existed. Based on my understanding of the Illinois Administrative Code (Section 522, *et seq.*) the subsequent application should not have been processed by IDOT and should have been denied."

¶ 10	On September 18, 2009, IDOT issued its intent to deny plaintiff's permit. Plaintiff did not respond to IDOT's intent to deny letter.

¶ 11	On September 21, 2009, IDOT issued Diehl a final written denial of its application. IDOT stated that Diehl's challenge to IDOT's July 17, 2009, notice of intent to deny the application "was received and carefully reviewed by [IDOT] personnel. It has been determined the initial decision to deny your application stands and this file is now closed."

¶ 12	In an October 14, 2009, letter, zoning technician Lauricella informed IDOT that he had incorrectly stated that the Diehl property was zoned as "F-Farming." Lauricella explained that the Diehl property had been reclassified in 1957 as "M-2 General Manufacturing," which allows for the placement of an outdoor advertising sign.

¶ 13	On October 19, 2009, plaintiff applied for another billboard sign permit for the 31W350 property.

¶ 14	On October 22, 2009, IDOT informed plaintiff that it intended to deny plaintiff's application because plaintiff had submitted an incorrect survey with its application. The record does not indicate that plaintiff challenged in writing IDOT's October 22, 2009, intent

to deny letter, as required by section 522.80(a) of title 92 of the Illinois Administrative Code (Code) (92 Ill. Adm. Code 522.80(a), amended at 30 Ill. Reg. 15792 (eff. Oct. 1, 2006)).

¶ 15    On October 30, 2009, Diehl submitted an "Amended Application" to IDOT. In the cover letter to the application Diehl explained that a clerical error in the original application designated the Diehl property as being "60 feet from the N side of the highway [I-88] right of way." The number "60" and the letter "N" were entered into "blanks" on the application, and the "N" was incorrectly inputted. Rather, the Diehl property is 60 feet south of the highway right-of-way. In Diehl's amended application, the Diehl property was listed as "60 feet from the S side of the highway right of way." Diehl also stated that other documentation included with the original permit clearly showed Diehl's intent that the sign was to be built 60 feet from the south right-of-way.

¶ 16    In a November 18, 2009, memorandum to IDOT, plaintiff's counsel stated that Diehl's permit application "should have been corrected within 30 days of June 26, 2009, or it should have been denied. The [Code] does not allow for revisions to applications after the 30 day period. Therefore IDOT has no authority to issue [the permit to Diehl]."

¶ 17    On June 24, 2010, IDOT notified Diehl that its application for the outdoor sign permit was granted.

¶ 18    On July 1, 2010, IDOT again sent plaintiff written notice of its intent to deny its application for a new billboard to be placed on the 31W350 property because "[t]here is an existing [IDOT] advertising permit for a location within 500' of [plaintiff's] proposed location." The existing permit IDOT referenced was the permit issued for the Diehl property on June 24, 2010.

¶ 19    On July 30, 2010, plaintiff submitted its challenge to IDOT's intent to deny, arguing that the permit issued to Diehl was invalid because Diehl could not and did not correct the deficiencies in its application within the requisite 30-day period.

¶ 20    Plaintiff filed a complaint for writ of *certiorari* in the circuit court of Cook County, requesting the court reverse the decision of IDOT approving Diehl's sign permit at the Diehl property.

¶ 21    On April 12, 2011, the court issued a written order denying plaintiff's complaint for writ of *certiorari* and affirming IDOT's decision to grant Diehl the permit.

¶ 22    On appeal, plaintiff contends that IDOT had no authority to issue Diehl a permit nine months subsequent to denying the permit on September 21, 2009. Simply stated, plaintiff argues that once IDOT issued its letter of denial of Diehl's application, the administrative process was concluded, Diehl lost its status and plaintiff's application should then have had priority.

¶ 23    IDOT and Diehl first contend that plaintiff lacked standing to challenge IDOT's issuance of a sign permit to Diehl and that the trial court was entitled to dismiss plaintiff's complaint for writ of *certiorari* on that basis. We review *de novo* whether a party has standing. *Sierra Club v. Illinois Pollution Control Board*, 2011 IL 110882, ¶ 8.

¶ 24    Plaintiff responds that the standing issue is forfeited because it was not argued below. In *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252-53 (2010), our supreme court

stated: "[w]hile a lack of subject matter jurisdiction cannot be forfeited [citation], a lack of standing will be forfeited if not raised in a timely manner in the trial court [citations]." We agree that this issue is forfeited here because IDOT did not complain plaintiff lacked standing in the trial court and Diehl only alleged that plaintiff failed to exhaust its administrative remedies in opposing plaintiff's complaint for writ for *certiorari*.

¶ 25 Further, we find plaintiff has standing because the issuance of the Diehl permit blocked consideration of plaintiff's application for the 31W350 property. Under the Highway Advertising Control Act of 1971, billboard signs along interstate highways and expressways cannot be closer than 500 feet to each other. 225 ILCS 440/6.03(b) (West 2008). In IDOT's July 1, 2010, letter to plaintiff, IDOT stated that it intended to deny plaintiff's application because Diehl's permit was within 500 feet of plaintiff's proposed location. Because the issuance of Diehl's permit adversely impacted plaintiff, we find plaintiff has standing and we will address this appeal on the merits. See *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 176 (2002).

¶ 26 In administrative law cases, we review the decision of the administrative agency, not the trial court. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006) (*per curiam*). Our standard of review in administrative review cases depends on what is in dispute: the facts, the law or a mixed question of fact and law. *Goodman v. Ward*, 241 Ill. 2d 398, 405 (2011). Where the facts are undisputed and there is a dispute as to whether the governing legal provisions were interpreted correctly by an administrative agency, the case presents a purely legal question for which our review is *de novo*. *Ward*, 241 Ill. 2d at 406 (the *de novo* standard is characterized as independent and not deferential). Here, we will review *de novo* IDOT's decision to issue Diehl a billboard permit because the central inquiry is whether IDOT complied with sections 522.80 and 522.60 of title 92 of the Code. See *People v. Carpenter*, 385 Ill. App. 3d 156, 161 (2008) ("[r]egulatory construction is a question of law that we review *de novo*").

¶ 27 Administrative rules and regulations have the force of law and are construed under the same standards governing the construction of statutes. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 380 (2008). The court's primary objective in interpreting an agency regulation is to ascertain and give effect to the intent of the regulatory agency. *Madigan*, 231 Ill. 2d at 380. The most reliable indicator of an agency's intent is the language of the regulation itself. *Madigan*, 231 Ill. 2d at 380. "Where the language of the regulation is clear and unambiguous, we must apply it as written, without resort to extrinsic aids of statutory construction." *Madigan*, 231 Ill. 2d at 380; see also *Ries v. City of Chicago*, 242 Ill. 2d 205, 216 (2011) (if the language of a statute is clear and unambiguous, the court is "not at liberty to depart from the language's plain meaning").

¶ 28 Administrative agencies are generally bound to follow their own rules as written, without making *ad hoc* exceptions or departures in making decisions. *Provena Health v. Illinois Health Facilities Planning Board*, 382 Ill. App. 3d 34, 42 (2008). When an administrative agency has adopted rules and regulations under its statutory authority for carrying out its duties, the agency is bound by those rules and regulations and cannot arbitrarily disregard them in issuing a decision. *Springwood Associates v. Health Facilities Planning Board*, 269 Ill. App. 3d 944, 948 (1995). An agency's decision that is contrary to duly promulgated

-5-

regulations must be reversed. *Springwood*, 269 Ill. App. 3d at 948.

¶ 29    Plaintiff argues that section 522.80 of title 92 of the Code unambiguously outlines the procedure IDOT must follow in considering permit applications. We agree.

¶ 30    At the relevant time section 522.80 of title 92 of the Code stated:

"Denial of Application

a) If a review of the application or a site investigation reveals that the permit application is incomplete, contains incorrect information or is not in compliance with the requirements of the Act or this Part [522.80], or that the applicant is the owner of, an abandoned or illegal sign, then the District shall notify the applicant in writing by certified mail of its intent to deny the permit application and state the reasons for that action. The notification shall inform the applicant that he/she has thirty calendar days from the date of receipt of the notification to challenge the intent to deny or to correct the deficiencies noted. *No time extensions will be permitted*. The challenge *shall be made in writing*, state the position of the applicant, the facts in support of that position and shall contain any relevant documentation. *The challenge must be received in the District office within the thirty day period.* The District will review the challenge and shall either approve or deny the application based on the requirements of this Part [522.80]. *No appeal may be taken from the District's decision on the challenged application.* The applicant's priority will be retained pending the District's final decision. Only one application per applicant will be processed for the same site or any site within 500 feet of the site along an Interstate, expressway or a primary highway outside a municipality, or within 300 feet along a primary highway within a municipality, for which a permit application is submitted prior to the final decision by the District.

b) If, after consideration of the challenge, the District approves the application, the procedures in Section 522.70 shall apply. If, after consideration of the challenge, the District denies the application, it shall be marked 'denied' on its face and the reason for denial stated on the application. The District shall notify the permittee of the denial by sending a copy of the denied application." (Emphasis added.) 92 Ill. Adm. Code 522.80(a), (b), amended at 30 Ill. Reg. 15792, 15809-10 (eff. Oct. 1, 2006).

Section 522.60 of title 92 of the Code states that "[p]riority of processing permit applications shall be in the order they are received." 92 Ill. Adm. Code 522.60(b), amended at 22 Ill. Reg. 7262, 7276 (eff. Apr. 9, 1998).

¶ 31    The plain language of sections 522.80 and 522.60 clearly outlines the procedures IDOT is required to follow in considering applications. First, IDOT notifies the applicant in writing of its intent to deny. Second, the applicant has 30 days to respond with additional information or challenge the decision. Third, after receiving the applicant's challenge, IDOT reviews the challenge and either approves or denies the application. The Code clearly states that "[n]o appeal may be taken from [IDOT's] decision on [a] challenged application." 92 Ill. Adm. Code 522.80(a), amended at 30 Ill. Reg. 15792, 15809 (eff. Oct. 1, 2006). We find these regulatory provisions to be clear and unambiguous. As an administrative agency, IDOT is required to follow its own rules as written and is not entitled to disregard them on an *ad hoc* basis. See *Springwood*, 269 Ill. App. 3d at 948.

¶ 32     Here, IDOT failed to follow its own rules. On June 26, 2009, Diehl submitted its application to IDOT. On July 17, 2009, IDOT informed Diehl that it intended to deny Diehl's application because it failed to meet spacing or zoning requirements. On August 17, 2009, Diehl sent a written response to IDOT, challenging the July 17, 2009, notice. On September 21, 2009, IDOT informed Diehl its challenge to IDOT's notice of intent to deny the application "was received and carefully reviewed by [IDOT] personnel" but that it had "been determined the initial decision to deny your application stands and this file is now closed." Upon receipt of the final denial, Diehl could have filed a petition for a writ of *certiorari* or a new application with IDOT but failed to pursue these remedies.

¶ 33     Plaintiff filed its application on October 19, 2009, and responded to IDOT's intent-to-deny letter on November 18, 2009. Having received a final denial of its application, Diehl lost priority, and plaintiff's application was entitled to priority under section 522.60 of title 92 of the Code. However, IDOT never issued a final decision on plaintiff's application, and on June 24, 2010, nine months after issuing its final denial of Diehl's permit, IDOT granted Diehl's permit. Nothing in the Code permitted IDOT to revisit its denial of Diehl's application, and we hold that it was without authority to do so.

¶ 34     We note that the record shows IDOT's denial of Diehl's permit may have been premised on erroneous information provided by a Du Page County zoning technician. However, here the regulations are clear and unambiguous, and we will not read in exceptions, limitations or conditions that conflict with the clearly expressed intent of the legislature. See *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010). As our supreme court said in *Outcom, Inc. v. Illinois Department of Transportation*, 233 Ill. 2d 324, 328 (2009): "IDOT's decision on a challenged application is final." Unfortunately for Diehl, there are no provisions in section 522.60 that allow IDOT to revisit closed applications or make exceptions for inadvertent errors in permit applications. See *Caldwell v. Nolan*, 167 Ill. App. 3d 1057, 1063 (1988) ("in the absence of express statutory language, an administrative agency lacks jurisdiction to grant a rehearing or modify or alter its decisions"). It is important as noted above that Diehl failed to take the necessary step of filing a timely writ of *certiorari* in order to save this particular permit application.

¶ 35     Because IDOT was without authority to issue Diehl a permit under the Code, we reverse IDOT's decision to grant Diehl the permit. We remand to IDOT with directions that it reinstate the September 21, 2009, final denial of Diehl's permit application.

¶ 36     Reversed and remanded with instructions.