2016 IL App (1st) 143933

FIFTH DIVISION
January 15, 2016

No. 1-14-3933

| | | |
|---|---|---|
| LARRY THOMAS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 14 CH 1993 |
| THE ILLINOIS DEPARTMENT OF HEALTHCARE | ) | |
| AND FAMILY SERVICES and JULIE HAMOS, Director | ) | |
| of Healthcare and Family Services, | ) | Honorable |
| | ) | Franklin U. Valderrama, |
| Defendants-Appellees. | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Lampkin and Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    Larry Thomas (Thomas) received $12,000 as his share of the settlement of a personal

injury lawsuit.  The Illinois Department of Healthcare and Family Services (Department) sent

Thomas a notice of lien against these settlement proceeds, based on his past-due child support

obligation.  Thomas objected, claiming a personal injury payment exemption of up to $15,000

pursuant to section 12-1001(h)(4) of the Illinois Code of Civil Procedure (735 ILCS 5/12-

1001(h)(4) (West 2012)).  The Department adopted the findings of the administrative law judge

(ALJ) and upheld the Department's administrative lien; the circuit court of Cook County

affirmed.  On appeal, Thomas continues to contend that his personal injury settlement was

exempt based on section 12-1001(h)(4). The Department and its Director (Director)[1] respond that the lien was valid pursuant to section 10-25.5(a) of the Illinois Public Aid Code, which provides, in part, for an administrative lien on personal property for past-due child support "[n]otwithstanding any other State or local law to the contrary." 305 ILCS 5/10-25.5(a) (West 2012). For the reasons that follow, we conclude that the lien was valid and enforceable and thus affirm the judgment of the circuit court.

¶ 2                              BACKGROUND

¶ 3      Pursuant to a settlement of a lawsuit he filed against the City of Chicago, Thomas received $12,000; he deposited this amount into his account at JP Morgan Chase Bank, NA (Chase). In a notice of lien dated July 25, 2013, the Department notified Thomas and the bank that it was "seeking to lien and levy funds of the non-custodial parent," *i.e.*, Thomas, in accordance with "Article X of the Illinois Public Aid Code and 89 Illinois Administrative Code 160.70." Thomas filed a written request for a hearing; he asserted that the "entirety of [his] share of the settlement of his personal bodily injury lawsuit is exempt from judgment or attachment."

¶ 4      On November 14, 2013, the ALJ conducted a hearing. Thomas's counsel stipulated that, as of August 31, 2013, Thomas owed $17,490.85 in child support in case number 1985 D 0058624 and another $16,182.25 in case number 1985 D 0058625. Thomas testified that his share of the settlement of his "lawsuit for bodily personal injury against the City of Chicago" was $12,000. His counsel then argued that the "statute as I read it, 735 ILCS 5/12-1001 exempts $15,000.00 of the proceeds of a lawsuit for bodily personal injury from collection or debts."

¶ 5      On December 31, 2013, the Department sent Thomas a letter stating that it had reviewed his petition, considered and adopted the findings of fact of the hearing officer, and issued its final

---

[1] The appellees' brief states that "Felicia F. Norwood should replace Julie Hamos in this case's caption, by operation of law."

administrative decision.  The document attached to the letter included: (a) findings of fact and a discussion of the evidence, signed by the ALJ; and (b) the final administrative decision and conclusion, signed by the Director.  The ALJ found, among other things, that: "Petitioner and the Custodial Parent are the parents of two emancipated children"; "[o]n July 25, 2013, DCSS[2] sent Petitioner a Notice of Lien (Notice) against proceeds contained in his JP Morgan Chase Bank Account"; and "[a]s of August 31, 2013, Petitioner's collective past due child support balance was $33,673.10."  The ALJ's discussion summarized the evidence presented and the arguments made by the parties.[3]  The conclusion of the Director provided, in part:

"Petitioner's reliance upon 750[4] ILCS 5/12-1001 is misguided.  Petitioner has failed to prove that the subject funds are exempt even under the quoted Illinois Compiled Statutes.  Petitioner testified that he received an $18,000.00 personal injury settlement of which $15,000.00[5] was deposited in his Chase Bank account.  Petitioner failed to present any proof to corroborate his testimony.  Moreover, Petitioner presented a copy of a Release of Settlement Agreement (Exhibit P2) wherein he is named as a plaintiff in a civil law suit.  However, nothing in that document indicates that the purpose of the settlement payout was for personal injury to the Petitioner.  It is well established under both federal and state law, [c]hild support obligations cannot be discharged in bankruptcy.  Under the Illinois Administrative Code, Petitioner bears the burden of establishing a defense to the administrative lien.  Petitioner has not asserted a valid defense to the administrative lien under the Illinois Administrative Code.  Petitioner has

---

[2] DCSS is the Division of Child Support Services, a division of the Department.
[3] The ALJ's findings of fact and discussion of the evidence are not in dispute in this appeal.
[4] The reference to "750" appears to be incorrect; we assume "735" was intended.
[5] Based on our review of the record, the correct amount appears to be $12,000, not $15,000.

failed to present any credible evidence that the funds in the Chase Bank account are exempt from the administrative lien. The ALJ finds *** DCSS's administrative lien to be valid and enforceable."

The Department denied Thomas's appeal and upheld the administrative lien.

¶ 6      Thomas timely filed a complaint for administrative review in the circuit court against the Department and the Director, contending that "Defendants' final administrative decision does not have a substantial foundation in evidence, is against the manifest weight of the evidence, and is arbitrary and unreasonable."  Citing *Brinegar v. Reeves*, 289 Ill. App. 3d 405 (1997) and *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416 (2005), Thomas argued that "Illinois case law leaves no doubt that 735 ILCS 5/12-1001(h)(4) applies to the collection of past due child support."  Thomas also asserted that the Department neither cross-examined him nor responded to his argument that "the lien on Plaintiff's Chase Bank account consisted of Plaintiff's $12,000 settlement share and that 735 ILCS 5/2-1001 exempted those funds from collection."

¶ 7      In its response brief, the Department contended that "[t]he section of the Illinois Code of Civil Procedure that Plaintiff's [*sic*] relies upon, providing for a $15,000 exemption from collection for monies traceable to a personal injury award, has been overridden by an amendment to the Illinois Public Aid Code."  According to the Department, the Illinois General Assembly in 2011 "passed Public Act 97-186, which amended the Public Aid Code, the Illinois Marriage and Dissolution of Marriage Act, the Non-Support Punishment Act, and the Illinois Parentage Act to, *inter alia*, add the phrase 'notwithstanding any other State or local law to the contrary,' to sections of these laws dealing with the State's right to place liens on the real and personal property of non-custodial parents owing overdue child support."

¶ 8      In his reply brief, Thomas argued, in part, that the 2011 amendment "did not make any

change to subsection (d) of 5/10-25.5(d), which continues to provide as follows: (d) The Illinois

Department shall enforce its lien against the responsible relative's personal property, other than

accounts as defined in Section 10-24 in financial institutions, and levy upon such personal

property *in the manner provided for enforcement of judgments contained in Article XII of the*

*Code of Civil Procedure*. (emphasis added)." Thomas asserted that "[t]he plain language of 305

ILCS 5/10-25.5, even after the 2011 amendment to 5/10-25.5(a), thus includes the fifteen

thousand dollars statutory exemption for the proceeds of personal injury lawsuits."

¶ 9      After oral argument, the circuit court entered a memorandum opinion and order affirming

the final administrative decision of the Department. "When read in isolation," the court stated,

"Section 12-1001 provides an exemption to any personal injury settlement that does not exceed

$15,000.00." The court continued, however, that it "must reconcile Section 12-1001 with

Section 10-25.5(a) which allows the [Department] to have a lien on all legal or equitable interest,

'notwithstanding any other state or local law to the contrary.' " The court found that "the

personal injury exemption in Section 12-1001(h)(4) does not apply to past-due child support,"

reasoning, in part, that "if the legislature had specifically intended to exempt personal injury

settlements from collection of past-due child support, it could have made that explicit in Section

12-1001." Noting that the purpose of income exemptions " 'is to ensure creditors cannot deprive

debtors of the means of supporting themselves and their dependents' [citations]," the court

further opined that "there is nothing to suggest that Section 12-1001(h)(4) may shield debtors

from their own internal family obligations." Thomas timely appealed the circuit court's order

affirming the Department's final administrative decision.

¶ 10                                ANALYSIS

¶ 11      Citing *Brinegar* and *Booth*, Thomas argues on appeal that "Illinois case law makes plain

that the $15,000 exemption of 735 ILCS 5/12-1001(h)(4) applies to the collection of past due child support." The Department[6] contends that "[b]ased on its plain language, section 10-25.5(a) of the [Public Aid] Code applies '[n]otwithstanding any other State or local law to the contrary,' including section 12-1001(h)(4) of the [Civil Procedure] Code." The exemption set forth in section 12-1001(h)(4) is thus unavailable to Thomas. The Department further asserts that *Brinegar* and *Booth* are inapposite "[f]or many reasons," including the fact that both cases were decided before the 2011 amendment to section 10-25.5(a).

¶ 12    The parties assert, and we agree, that the standard of review regarding this question of law is *de novo*. *E.g.*, *CBS Outdoor, Inc. v. Department of Transportation*, 2012 IL App (1st) 111387, ¶ 26 ("Where the facts are undisputed and there is a dispute as to whether the governing legal provisions were interpreted correctly by an administrative agency, the case presents a purely legal question for which our review is *de novo*.").[7]

¶ 13    Section 12-1001 of the Code of Civil Procedure provides, in pertinent part, as follows:

"Personal property exempt. The following personal property, owned by the

debtor, is exempt from judgment, attachment, or distress for rent:

* * *

---

[6] The appellees are both the Department and the Director; for ease of reference, unless otherwise noted, we refer solely to the "Department."

[7] We observe that the Department's final administrative decision did not expressly address the interplay of section 12-1001 of the Code of Civil Procedure and section 10-25.5 of the Public Aid Code. Rather, the Director concluded, in part, that Thomas "failed to present any credible evidence that the funds in his Chase Bank account are exempt from the administrative lien." We recognize that "[i]n administrative law cases, we review the decision of the administrative agency, not the trial court." *CBS Outdoor, Inc.*, 2012 IL App (1st) 111387, ¶ 26. Although the final administrative decision discussed certain factual questions or mixed questions of law and fact – *e.g.*, whether Thomas received the funds pursuant to a "personal injury settlement" – the core of the decision was a legal issue: the validity and enforceability of the administrative lien. Furthermore, the facts appear to be undisputed on appeal; the Department's appellee brief concedes that "Thomas received $12,000.00 as his share of a [*sic*] $18,000 settlement in a personal injury lawsuit he had filed." We review the legal issues before us *de novo*. *Id.*

(h) The debtor's right to receive, or property that is traceable to:

\* \* \*

(4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor \*\*\*[.]" 735 ILCS 5/12-1001(h)(4) (West 2012).

¶ 14 Section 10-25.5 of the Public Aid Code, entitled "Administrative liens and levies on personal property for past-due child support," provides, in pertinent part, as follows:

"(a) Notwithstanding any other State or local law to the contrary, the State shall have a lien on all legal and equitable interests of responsible relatives in their personal property, including any account in a financial institution as defined in Section 10-24, or in the case of an insurance company or benefit association only in accounts as defined in Section 10-24, in the amount of past-due child support owing pursuant to an order for child support entered under Sections 10-10 and 10-11 of this Code, or under the Illinois Marriage and Dissolution of Marriage Act, the Non-Support of Spouse and Children Act, the Non-Support Punishment Act, the Uniform Interstate Family Support Act, or the Illinois Parentage Act of 1984.

\* \* \*

(d) The Illinois Department shall enforce its lien against the responsible relative's personal property, other than accounts as defined in Section 10-24 in financial institutions, and levy upon such personal property in the manner provided for enforcement of judgments contained in Article XII of the Code of Civil Procedure." 305 ILCS 5/10-25.5(a), (d) (West 2012).

Section 10-25.5(a) of the Public Aid Code was amended in 2011 to add the language:

"Notwithstanding any other State or local law to the contrary ***." Pub. Act 97-186, § 5 (eff. July 22, 2011) (amending 305 ILCS 5/10-25.5(a) (West 2010)).

¶ 15    The cardinal rule of statutory interpretation is "to ascertain and give effect to the true intent of the legislature." *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 20. "[I]t is well established that the best evidence of legislative intent is the language used in the statute itself." *Id.* ¶ 21. The statutory language "must be given its plain, ordinary and popularly understood meaning." *Id.*

¶ 16    Section 10-25.5 expressly provides that "*[n]otwithstanding any other State or local law to the contrary*, the State shall have a lien on all legal and equitable interests of responsible relatives in their personal property *** in the amount of past-due child support." (Emphasis added.) 305 ILCS 5/10-25.5(a) (West 2012). In determining the plain meaning of a statutory term, "it is entirely appropriate to look to the dictionary for a definition." *People v. Perry*, 224 Ill. 2d 312, 330 (2007). Black's Law Dictionary defines "notwithstanding" as "[d]espite; in spite of." Black's Law Dictionary 1168 (9th ed. 2009). See also *Waliczek v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 318 Ill. App. 3d 32, 36 (2000) (discussing meaning of "notwithstanding" and concluding that the statute in question was "an exception to" and "controlled over" other statutory provisions). We view the language of section 10-25.5 as clear: despite any contrary statute, the State has a "lien on all legal and equitable interests of responsible relatives in their personal property *** in the amount of past-due child support." 305 ILCS 5/10-25.5(a) (West 2012). Section 12-1001(h)(4), which exempts personal injury settlements up to $15,000 from judgment or attachment, constitutes a "State or local law to the contrary." *Id.* When "read in a vacuum," section 12-1001(h)(4) of the Code of Civil Procedure shields Thomas's personal injury settlement from attachment or judgment; however, it is clear

that the legislature intended section 10-25.5(a) of the Public Aid Code to "impact upon other provisions of law" such as section 12-1001(h)(4) to permit the imposition of a lien for past-due child support. *Paulson v. County of De Kalb*, 268 Ill. App. 3d 78, 82-83 (1994) (discussing "notwithstanding" language in a section of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-102 (West 1992)) and the treble damages provision in the Nursing Home Care Act (210 ILCS 45/3-602 (West 1992)); court concluded that the statutes "can be construed harmoniously" and that the plaintiff's "interpretation of the provisions at issue would render meaningless the phrase 'notwithstanding any other provision of law' ").

¶ 17    Thomas contends that "[t]he plain language of 305 ILCS 5/10-25.5, even after the 2011 amendment to 5/10-25.5(a), *** includes the fifteen thousand dollars [*sic*] statutory exemption for the proceeds of personal injury lawsuits" because the 2011 amendment "did not make any change to subsection (d)" of section 10-25.5. Section 10-25.5(d) of the Public Aid Code provides that the Department "shall enforce its lien against the responsible relative's personal property, other than accounts as defined in Section 10-24 in financial institutions, and levy upon such personal property in the manner provided for enforcement of judgments contained in Article XII of the Code of Civil Procedure." 305 ILCS 5/10-25.5(d) (West 2012). "Had the legislature intended that the exemption of 735 ILCS 5/12-1001(h)(4) be unavailable in proceedings for past due child support," Thomas posits, "it would not have referred to Article XII of the Code of Civil Procedure, which contains the exemption."

¶ 18    Although not discussed by the parties on appeal, we view section 10-25.5(d) as inapplicable in the instant case. The statute provides that the Department "shall enforce its lien against the responsible relative's personal property, *other than accounts as defined in Section 10-*

*24 in financial institutions*, and levy upon such property in the manner provided for enforcement of judgments contained in Article XII of the Code of Civil Procedure." (Emphasis added.) *Id.* "[A]ccounts as defined in Section 10-24 in financial institutions" are expressly excluded from the scope of this subsection. *Id.* Section 10-24 of the Public Aid Code defines "account" as "a demand deposit account, checking or negotiable withdrawal order account, savings account, time deposit account, or money market mutual fund account." 305 ILCS 5/10-24 (West 2012). "Financial institution" is defined to include "any bank or saving association." *Id.* Thomas's "bank account" at Chase almost certainly would qualify as an "account[ ] as defined in Section 10-24 in [a] financial institution[ ]." 305 ILCS 5/10-25.5(d) (West 2012).

¶ 19    The Department filed the notice of lien against Thomas and Chase. The notice directs Chase, among other things, to "freeze each account of $300.00 or greater that you are currently holding for the non-custodial parent and either remit said funds within five business days of receiving a Surrender Notice by Healthcare and Family Services or lift the freeze on said account(s) if a Discharge Notice is received or if 120 days have elapsed since the date of the freeze on the account(s)." Such notice complies with requirements set forth in various subsections of section 10-25.5. For example, subsection (c) provides, in part, that the "Department may serve the notice of lien or levy upon any financial institution where the accounts as defined in Section 10-24 of the responsible relative may be held, for encumbrance or surrender of the accounts as defined in Section 10-24 by the financial institution." 305 ILCS 5/10-25.5(c) (West 2012). Subsection (g) provides, in part:

> "A lien on personal property under this Section shall be released in the manner
> provided under Article XII of the Code of Civil Procedure. Notwithstanding the
> foregoing, a lien under this Section on accounts as defined in Section 10-24 shall

expire upon the passage of 120 days from the date of issuance of the Notice of

Lien or Levy by the Illinois Department."  305 ILCS 5/10-25.5(g) (West 2012).

Given that the Department imposed a lien against an account in a financial institution, the

reference to article XII in subsection (d) of section 10-25.5 of the Public Aid Code is, by its very

terms, not applicable.

¶ 20    However, even assuming *arguendo* that personal property subject to a lien in the instant

case was *not* an account in a financial institution, we nevertheless reject Thomas's interpretation

of subsection (d).  "The general statutory provisions on enforcement of judgments are found in

Article XII of the Code of Civil Procedure."  5 Jack K. Levin & Robert J. Steigmann, Nichols

Illinois Civil Practice § 78:1, at 7 (rev. ed. 2013).  The Department asserts, and we agree:

"Section 10-25.5(d) merely incorporates those enforcement methods into the [Public Aid] Code.

It does nothing to change the meaning of section 10-25.5(a)."  We view no inconsistency

between section 10-25.5(a) – which imposes a lien "[n]otwithstanding any other State or local

law to the contrary" (305 ILCS 5/10-25.5(a) (West 2012)) – and section 10-25.5(d), which

provides that the Department "shall enforce its lien *** and levy upon such personal property in

the manner provided for enforcement of judgments contained in Article XII [(305 ILCS 5/10-

25.5(d) (West 2012))]."  The reference in section 10-25.5(d) to article XII does not affect the

validity or enforceability of a lien that the State "shall have" pursuant to section 10-25.5(a); it

merely prescribes the *manner* of enforcement.  We further note that subsection (g) of section 10-

25.5 provides that "[a] lien on personal property under this Section shall be released in the

manner provided under Article XII of the Code of Civil Procedure." 305 ILCS 5/10-25.5(g)

(West 2012).  As with subsection (d), we view the reference to Article XII in subsection (g) as

incorporating the mechanics of Article XII.  In sum, we conclude that section 10-25.5(d) is

consistent with section 10-25.5(a), and that the "notwithstanding" language of section 10-25.5(a) precludes application of the exemption set forth in section 12-1001(h)(4) of the Code of Civil Procedure.

¶ 21    "If the statutory language is clear, it will be given effect without resort to other aids for construction." *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 21; *contra Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 181 (2007) ("Where the meaning of a statute is unclear from a reading of its language, courts may look beyond the statutory language and consider the purpose of the law, the evils it was intended to remedy, and the legislative history of the statute.").  Therefore, we need not examine herein the legislative history of the 2011 amendment to section 10-25.5, as urged by Thomas.  Similarly, we need not analyze the cases cited by the Department regarding statutes in conflict, where we do not view the statutes at issue as conflicting.  See, *e.g.*, *Wells Fargo Bank Minnesota, NA v. Envirobusiness, Inc.*, 2014 IL App (1st) 133575, ¶ 30 (discussing conflicting statutes; noting that "the more specific statute controls over the general statute, and the more recently enacted statute prevails over the older statute").

¶ 22    Furthermore, the cases cited by Thomas are inapposite.  In *Brinegar v. Reeves*, Del Allen Reeves (Reeves) was involved in a motor vehicle accident with Jerry L. Brinegar, Jr. (Brinegar). *Brinegar v. Reeves*, 289 Ill. App. 3d 405, 405-06 (1997).  Because he was a state employee acting within the scope of his employment at the time of the accident, Reeves was entitled to indemnification for any judgment.  *Id.* at 406.  After a bench trial, the court found Reeves liable for Brinegar's medical expenses and other amounts.  *Id.*  While processing a citation to discover Reeves' assets, the Department of Public Aid advised the Comptroller that Brinegar owed money for delinquent child support.  *Id.*  The Comptroller withheld payment of the judgment, asserting a

statutory lien pursuant to the State Comptroller Act (15 ILCS 405/10.05, 10.05a (West 1994)). *Brinegar*, 289 Ill. App. 3d at 406. On appeal, the court concluded that Brinegar was "not entitled to a payment from the state" and "[a]ccordingly, the state is not entitled to set off the payment pursuant to" the State Comptroller Act. *Id.* at 409. The court noted,

> "Even if the Department were to attempt to enforce its judgment against Brinegar from the amount Reeves owed Brinegar by way of a garnishment proceeding, section 12-1001 of the Code of Civil Procedure exempts several types of personal property from judgment, attachment, or distress for rent, including the debtor's rights to receive, or property traceable to, a payment, not to exceed $7,500[8] in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent." *Id.*

Thomas contends that "as the Court made plain in *Brinegar*, the $12,000 proceeds of Plaintiff's settlement agreement is exempt from collection for past due child support." We disagree. Even if we were to consider the *Brinegar* court's *obiter dictum* regarding section 12-1001,[9] the case does not address section 10-25.5 of the Public Aid Code and, in any event, was decided prior to the 2011 amendment thereto.

¶ 23    Thomas also relies upon *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416 (2005). The issue in *Booth* was "whether section 12-1001(h)(4) of the Code of Civil Procedure (735 ILCS 5/12-1001(h)(4) (West 2002)), which exempts from judgment, attachment or distress for rent payments of up to $7,500 made on account of personal bodily injury of the debtor, applies to actions brought by the state under section 3-7-6 of the Unified Code of Corrections

---

[8] This amount has been changed to $15,000. 735 ILCS 5/12-1001(h)(4) (West 2012).

[9] See, *e.g.*, *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 236 (2010) ("*Obiter dictum* is not essential to the outcome of the case, is not an integral part of the opinion, and is generally not binding authority or precedent within the *stare decisis* rule.").

(730 ILCS 5/3-7-6 (West 2002)) against persons committed to the Illinois Department of Corrections *** to obtain reimbursement for the costs of their incarceration." *Id.* at 418. After analyzing the respective statutes, the Illinois Supreme Court held that the circuit court did not err in applying the $7,500 exemption set forth in section 12-1001(h)(4). *Id.* at 426.

¶ 24 According to Thomas, "[t]he Supreme Court's reasoning in *Booth* resolved the supposed conflict in this case between the notwithstanding clause of 305 ILCS 5/10-25.5(a) and the exemption of 735 ILCS 5/12-1001." We again disagree. *Booth* does not involve child support obligations and was decided prior to the 2011 amendment to section 10-25.5(a) of the Public Aid Code. Furthermore, the statute at issue in *Booth* regarding reimbursement for the costs of incarceration provided, in part, that "[n]o provision of this Section shall be construed in violation of any State or federal limitation on the collection of money judgments." 730 ILCS 5/3-7-6(e)(3) (West 2002); *Booth*, 215 Ill. 2d at 420. Based upon such language, our supreme court concluded that there was "no doubt as to the legislature's intent": "[a]ctions by the state to obtain reimbursement of incarceration expenses do not override the normal legal restrictions that otherwise govern civil damage claims." *Id.* at 425. Conversely, the "notwithstanding" language of section 10-25.5(a) of the Public Aid Code has the opposite effect: it reflects the legislature's intent to override such "normal legal restrictions," *e.g.*, the exemption in section 12-1001(h)(4) of the Code of Civil Procedure.

¶ 25 Contrary to Thomas's contention, we find *Department of Healthcare & Family Services ex rel. Black v. Bartholomew*, 397 Ill. App. 3d 363 (2009), to be instructive. In *Black*, the circuit court ordered a portion of a father's workers' compensation settlement to be applied toward child support arrearage and interest due to the Department under an administrative support order. *Id.* at 364. The father appealed, "arguing workers' compensation benefits are exempt from judgment

by Illinois law, including those for child-support arrearages." *Id.* He cited section 21 of the Illinois Workers' Compensation Act (820 ILCS 305/21 (West 2008)), which provided, in part: " 'No payment, claim, award[,] or decision under this Act shall be assignable or subject to any lien, attachment[,] or garnishment, or be held in any way for any lien, debt, penalty[,] or damages.' 820 ILCS 305/21 (West 2008)." *Bartholomew*, 397 Ill. App. 3d at 366. The Department responded that the trial court's order was proper based on the statutory exception to income exemptions for the collection of child support in the Income Withholding for Support Act (Withholding Act) (750 ILCS 28/15(d) (West 2008)), which defined "[i]ncome" and also provided that "[a]ny other [s]tate or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply." (Internal quotation marks omitted.) *Black*, 397 Ill. App. 3d at 367. The appellate court affirmed, characterizing the language of the Withholding Act as "clear and straightforward": "Any other state or local law purporting to exempt statutorily defined income, which includes workers' compensation benefits, does not apply to proceedings involving the collection of child support." *Id.* Although the statutes involved in *Black* are not the same as those at issue in the instant appeal, the court's reasoning regarding an "exception to [the] exemption for the collection of child support" is persuasive.

¶ 26    Thomas correctly observes that "Article XII contains numerous exemptions in addition to the one relied on by the plaintiff." According to Thomas, "[a]ccepting defendants-appellees' argument about the 'notwithstanding clause' would eliminate all of these exemptions." Even assuming *arguendo* that his statement is correct, such a result would be consistent with the Illinois policy of prioritizing child support payments. See *In re Support of Matt*, 105 Ill. 2d 330, 335 (1985) (referring to the "clearly expressed intent of the legislature that support judgments be enforced in Illinois by all available means"). As noted in the Department's appellate brief, the

15

Illinois legislature has enacted statutes providing that a parent with a past-due child support obligation may have his or her:  driver's license suspended (625 ILCS 5/7-702 (West 2014)); federal and state tax refunds intercepted (305 ILCS 5/10-17.3, 10-17.5 (West 2014); passport denied (305 ILCS 5/10-17.14 (West 2014)); and vehicle impounded (305 ILCS 5/10-17.13 (West 2014)).  Section 10-25.5 of the Public Aid Code is one of a number of tools for collection of past-due child support.

¶ 27    Despite its stated position in the instant appeal, we note that the Department apparently applies *de facto* exemptions in its enforcement practices regarding past-due child support obligations.  The appellee brief indicates that "[a]fter the Director upheld the lien, and with no stay of its enforcement in place, the Department took $8,286.47 of the $12,000."  During oral argument, counsel for the Department confirmed that "the Department didn't take the full $12,000," although she argued that the Department was "entitled to under the amendment to the Public Aid Code."  Counsel explained that "[t]he Department has a policy that it takes that into account and usually reduces the amount that it seeks by a third just to make sure that it's not leaving someone unable to pay their medical bills thus unable to go to work thus unable to make money to pay their child support."

¶ 28    The Department's policy of pursuing less than its asserted entitlement may, at first glance, seem at odds with the result it implicitly advocates in this case, *i.e.*, the effective elimination of the section 12-1001 personal property exemptions.  However, as discussed above, the "notwithstanding" language in section 10-25.5 of the Public Aid Code is broad and clear.  Furthermore, as the United States Supreme Court observed in *Massachusetts v. Environmental Protection Agency*, 549 U.S. 497, 527 (2007), "an agency has broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities."  To

the extent that the Department seeks less than the full amount owed by a debtor-parent – whether motivated by practical and/or moral concerns – we do not view such policy decision as inconsistent with the statutory scheme described herein.

¶ 29    In any event, we view the prioritization of child support obligations as consistent with the fundamental purpose of the section 12-1001 exemptions:  allowing a debtor like Thomas to support himself *and his dependents*.  See, *e.g.*, *Black*, 397 Ill. App. 3d at 368 (stating that "the purpose of income exemptions in general is to ensure creditors cannot deprive debtors of the means of supporting themselves and their dependents").  Discussing the policy underlying the statutory predecessor to section 12-1001, the Illinois Supreme Court in 1871 cited "the humane principle, that a creditor should not wholly deprive the husband and father of the means of supporting his family, usually helpless in themselves, and preventing them from becoming a public charge." *Good v. Fogg*, 61 Ill. 449, 451 (1871).  More recently, our supreme court has noted "[m]uch the same purpose is attributed to exemption legislation today [citation], with the debtor, *his family*, and the community viewed as the intended beneficiaries of such statutes." (Emphasis added.)  *In re Marriage of Logston*, 103 Ill. 2d 266, 279-80 (1984).  We agree with the circuit court's observation that "there is nothing to suggest that Section 12-1001(h)(4) may shield debtors from their own internal family obligations."

¶ 30                                CONCLUSION

¶ 31    For the reasons stated above, we affirm the judgment of the circuit court of Cook County affirming the final administrative decision upholding the administrative lien of Illinois Department of Healthcare and Family Services.

¶ 32    Affirmed.