CHARLES T. ROBINSON, Plaintiff-Appellant, *v.* PROPERTY TAX APPEAL BOARD OF THE DEPARTMENT OF LOCAL GOVERNMENTAL AFFAIRS *et al.*, Defendants-Appellees.

Third District   No. 78-415

Opinion filed May 31, 1979.

James L. Reese, of Blodgett & Reese, of Rock Falls, for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel and Myra Turner, Assistant Attorneys General, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Charles Robinson, filed a complaint under section 111.4 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 592.4) to review the valuation of a parcel of real estate by the Property Tax Appeal Board. The circuit court of Whiteside County affirmed the decision of the Property Tax Appeal Board and plaintiff appealed.

The sole issue presented for review is whether the finding by the Property Tax Appeal Board of the fair cash value of plaintiff's real estate was proper. The county assessor initially determined plaintiff's property had an assessed valuation of $113,000. The Board of Review reduced the assessed valuation to $100,000. The Property Tax Appeal Board found the plaintiff's property had a fair cash value of $344,700 and an assessed value of $99,750. Plaintiff claims that the Board's valuation of plaintiff's property at $344,700 is excessive.

The property in question is a 24-unit apartment complex comprised of five buildings located in Sterling, Illinois. Plaintiff originally purchased the property on contract in 1974 for $287,500. In late 1976 or early 1977,

the contract seller sought to utilize his equity in the subject premises to obtain a mortgage with Sterling Federal Savings & Loan Association. Sterling Federal commissioned a qualified real estate appraiser, Louis Meyer, to value the property for purposes of the mortgage with the contract seller. The plaintiff became aware of the appraisal only because his permission was needed before Meyer could inspect the property. The independent appraisal by Meyer forms the basis of the plaintiff's challenges to the valuation of the real estate.

At the hearing before the Appeal Board, both Meyer and Walter Mecozzi, supervisor of assessments, testified. Various written exhibits reflecting the work and opinions of each witness were introduced. Mecozzi offered the opinion, arrived at by various methods of calculation, that the property had a fair cash value of $344,700. Meyer testified that the property had a fair cash value of $267,000, which was the same value he arrived at in a certified appraisal for Sterling Federal. The thrust of plaintiff's position is that because Meyer has impressive qualifications as an appraiser, was better qualified than Mecozzi, and Meyer's appraisal was initially provided for someone else besides plaintiff for reasons independent of valuation for tax purposes, Meyer's opinion as to value should control.

■■ In deciding whether the decision of the Appeal Board was correct, we are bound by the same standard of review applicable to any proceeding commenced under the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 110, pars. 264 thru 279.) Only if the decision of the Appeal Board is against the manifest weight of the evidence can a court of review reverse its decision. (See *People ex rel. Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, 317 N.E.2d 121.) We believe the evidence does not support plaintiff's contention that the decision of the Appeal Board was against the manifest weight of the evidence.

Both Meyer and Mecozzi used three different methods in determining fair cash value, the cost approach to value, the income approach to value, and the market approach to value. Each placed greater emphasis on the "market approach to value." At the hearing, each of these two witnesses presented testimony that various aspects of the other's computation under each of the three different methods were improper. The Appeal Board questioned the witnesses at length on the various discrepancies and allowed Meyer and Mecozzi to engage in a question and answer debate over the relative merits of their respective positions. To some extent, the parties have continued this debate on appeal.

While we have examined the claims that one means of establishing value is somehow more appropriate than another, we have not done so for the purpose of determining which method is better, more appropriate, or more accurate, but rather to ascertain whether the decision of

the Appeal Board was based on sufficient evidence. Upon administrative review, it is not the function of this court or the trial court below to substitute its judgment for that of the Appeal Board (*Aarco American, Inc. v. Baylor* (1974), 18 Ill. App. 3d 14, 309 N.E.2d 380), but to insure that an objective, rational decision was arrived at after a fair hearing at which competent evidence was introduced.

■■ Here, the Appeal Board heard two opinions as to the value of the plaintiff's property from two men experienced in appraising real estate. The mere fact that one is more experienced and perhaps better qualified may bear upon the weight to be given his testimony, but does not mean that overriding consideration should be given to his opinion of value. The Board heard various objections to Meyer's appraisal and Meyer's refutation of those objections. Mecozzi stated the basis for his opinion to the Appeal Board, Meyer voiced certain objections to that opinion in response, and Mecozzi challenged those objections. Having heard these arguments, the Appeal Board rendered a decision in accord with Mecozzi's opinion of value. It is apparent from the record that the two different values given plaintiff's property are a result of a difference of opinion and differences of opinion are insufficient to reverse an assessment. (*Consolidation Coal Co. v. Property Tax Appeal Board* (1975), 29 Ill. App. 3d 465, 331 N.E.2d 122.) Having examined the record of the proceedings below, we are unable to say that the decision of the Property Tax Appeal Board was against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Whiteside County affirming the decision of the Property Tax Appeal Board of Whiteside County is affirmed.

Affirmed.

ALLOY and STENGEL, JJ., concur.