EDWARD ROSE BUILDING COMPANY, Plaintiff-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Third District No. 3—90—0646

Opinion filed August 2, 1991.

Vonachen, Lawless, Trager & Slevin, of Peoria (Gregg N. Grimsley, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Edward Rose Building Co., hereafter Rose, owner of a 460-unit apartment complex in East Moline, Illinois, appeals from an order of the circuit court of Rock Island County affirming a decision of the Property Tax Appeal Board, hereafter PTAB, which based the 1986 assessed valuation of the property on a fair market value of $5,752,890. This is about $1,370,000 higher than the fair market value asserted by Rose.

According to the record on appeal, the Board of Review of Rock Island County assessed the apartment complex owned by Rose utilizing a fair market value of $5,330,000. Rose then appealed to the PTAB. At the hearing before the PTAB, Michael Myers testified for Rose that, using the income approach, the market value of the prop-

erty is $4,380,358. Myers, who is a vice-president of Rose, based his computations upon the actual income statement for the complex for 1986.

Testifying for the Board of Review was James E. Anderson, an independent real estate appraiser, who used all three standard methods of valuation with the following results: Market data approach—range of $5,600,000 to $6,250,000; reproduction cost approach—$6,110,000; income approach—$5,385,000. After correlation and reconciliation of the three approaches, Anderson concluded that the market value of the property was $5,750,000, and in reaching that conclusion, he stated that he gave the most weight to the market data approach.

In its written decision, the PTAB stated that the appraisal of Anderson was the best evidence of value in the record. The PTAB expressly found that the market data approach, utilizing seven comparable sales of apartment buildings, provided the best indication of value.

Rose sought administrative review of the PTAB decision in the circuit court of Rock Island County. After hearing arguments and reviewing the record, the court affirmed, finding that the manifest weight of the evidence supported the decision of the PTAB as to the value of the disputed property and as to the method used in determining value.

■■ On appeal Rose first contends that the PTAB erred in relying primarily upon the market data approach. Rose insists that the income approach is preferred when assessing rental property. The general rule in such cases was stated by this court in *Robinson v. Property Tax Appeal Board* (1979), 72 Ill. App. 3d 155, 156-57, 390 N.E.2d 939, 944, as follows:

> "While we have examined the claims that one means of establishing value is somehow more appropriate than another, we have not done so for the purpose of determining which method is better, more appropriate, or more accurate, but rather to ascertain whether the decision of the Appeal Board was based on sufficient evidence. Upon administrative review, it is not the function of this court or the trial court below to substitute its judgment for that of the Appeal Board [citation], but to insure that an objective, rational decision was arrived at after a fair hearing at which competent evidence was introduced."

The usual standard for judicial review of a decision of the PTAB, like all administrative decisions, is whether that decision is contrary to the manifest weight of the evidence (*Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443, 468 N.E.2d 948),

and a court will not interfere where there is merely a difference of opinion as to the cash value of the property. (*Kankakee County Board of Review v. Property Tax Appeal Board* (1989) 131 Ill. 2d 1, 544 N.E.2d 762.) Rose contends that the issue here is whether the PTAB relied upon an improper method of valuation, and in support of its view that the income approach was the only proper method, Rose cites several cases where the income approach was approved for use in assessing rental property. (E.g., *Springfield Marine Bank v. Property Tax Appeal Board* (1970), 44 Ill. 2d 428, 256 N.E.2d 334; *Kankakee County Board of Review v. Property Tax Appeal Board* (1987), 163 Ill. App. 3d 811, 516 N.E.2d 1006, *aff'd* (1989), 131 Ill. 2d 1, 544 N.E.2d 762.) The cases relied upon by Rose involved disputes as to the treatment of government rent subsidies when valuing rental property.

 We cannot say that the appraisal *method* used by Anderson and adopted by the PTAB was improper as a matter of law. Anderson computed a valuation for this property by each of three accepted methods and then, based on the factual circumstances of this case, concluded that the market data approach was entitled to more weight than the other two approaches. The market value fixed by Anderson was in the middle of the range of values computed by the three methods. The PTAB found the testimony of Anderson, an independent appraiser, more reliable than that of Myers, an officer of Rose and manager of the property in question. By experience and training, Anderson was far better qualified to prepare appraisals of real estate than Myers. Under the circumstances, reliance by the PTAB on Anderson's analysis and valuation was supported by the manifest weight of the evidence.

 Rose further argues that, even if the market data approach was appropriate here, then the market value determined by Anderson and adopted by the PTAB was contrary to the manifest weight of the evidence. Rose challenges one of the comparable sales used by Anderson because the sale price of those apartments ($1,700,000) was later renegotiated downward to $1,200,000 in order to avoid the costs of repossession. In effect, Rose would give different weight to the market data than did the PTAB and would reach a different appraised value.

Differences of opinion as to appraised valuations cannot be the basis for reversing an assessment (*Robinson v. Property Tax Appeal Board* (1979), 72 Ill. App. 3d 155, 390 N.E.2d 942), and the fact that reasonable minds could differ as to the value would not make an assessment contrary to the manifest weight of the evidence. *Board of*

*Review v. Property Tax Appeal Board* (1982), 104 Ill. App. 3d 859, 433 N.E.2d 692.

██ Additionally, Rose contends that Anderson made several factual errors in computing the value of the property according to the income approach while the computation of Myers was more accurate. It would unduly lengthen this opinion to discuss each claimed error. After careful review of the record, we conclude that these are matters of differences of opinion between two appraisers, and as such, cannot be a basis for reversal.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

STOUDER, P.J., and HAASE, J., concur.