SECOND DIVISION 

September 24, 2002

No. 1-00-2976

THE COOK COUNTY BOARD OF REVIEW,

Petitioner-Appellant,

v.

THE PROPERTY TAX APPEAL BOARD, SEARS, ROEBUCK AND COMPANY, Taxpayer, and LEYDEN TOWNSHIP HIGH SCHOOL DISTRICT No. 212, Taxing District, 

Respondents-Appellees.

)))))))))

)

)

)

Petition from the Illinois 

Property Tax Appeal Board

Nos. 97-22778-1-3 through           97-22783-1-3 

JUSTICE CAHILL delivered the opinion of the court:

We consider whether the Illinois Property Tax Appeal Board (PTAB) violated its rules when it considered an appraisal report dated two years earlier than the date of assessment at issue.  We conclude that consideration of the appraisal report does not violate PTAB rules.  Further, PTAB's order adjusting assessed value is not against the manifest weight of the evidence.  We affirm.

Sears, Roebuck and Company (Sears) owns three parcels of property in Cook County.  In 1997, the Cook County assessor's office determined that the parcels had a fair market value of $11,398,021.  Sears filed an unsuccessful appeal of the fair market valuation with the Cook County Board of Review (Board of Review).  Sears appealed the Board of Review's decision  to PTAB.  Sears submitted an appraisal report dated January 1, 1995, in support of the appeal.  The report concluded that the fair market value of the property was $7,500,000.

The Board of Review submitted a valuation report generated by the Cook County assessor that assigned an $11,400,000 fair market value as of January 1, 1997.  Documents relating to the Cook County classification ordinance (Cook County Real Property Assessment Classification Ordinance, Ord. No. 80-0-14 (amended November 6, 1997)), and the use of sales ratio studies were also submitted.  

Robert Herman, author of the 1995 appraisal report, testified for Sears.  Herman testified that his report considered the three traditional approaches to value: (1) cost; (2) income capitalization; and (3) sales comparison.  Herman explained how he calculated fair market value under each approach.  Herman said he calculated $7,810,000 under the cost approach, $7,250,000 under the income approach, and $7,460,000 under the sales comparison approach.  These values were reconciled to reach a fair market value estimate of $7,500,000.  Herman testified that he inspected the property on March 1, 2000, and found no significant changes.  Herman also said that, because 1995 was the triennial assessment year, the market determination for 1995 would be relevant for the assessment period, which included 1995, 1996 and 1997.  

Cook County presented no testimony and relied on a valuation report generated by the assessor's office.  The report was prepared by an employee who did not inspect the property.  The report addressed only the income and sales approach but did not include the cost approach and concluded that the fair market value of the property was $11,400,000.  No witnesses testified for Cook County.

Gary Battuello testified on rebuttal for Sears.  Battuello is a partner in a real estate appraisal and consulting firm.  Battuello reviewed the assessor's valuation report and concluded that the report was incomplete, inconsistent and relied on inadequate or misstated facts.  Battuello also criticized the comparables used, finding them incompatible to the Sears property.  Battuello said that the report's conclusions were unreliable.  

PTAB found that the date of assessment at issue was January 1, 1997, and that the triennial assessment date was January 1, 1995.  PTAB concluded that Sears established that the property was overassessed.  PTAB noted that the best evidence of value was presented by Sears and accorded little weight to the valuation report.  PTAB concluded that, based on the evidence, the property had a market value of $7,500,000.  The assessed value of the property was reduced from $3,903,701 to $2,584,187.  Cook County appealed.

PTAB decisions are subject to direct appellate review where, as here, a change in assessed valuation of $300,000 or more is sought.  35 ILCS 200/16-195 (West 2000).  Our review is in accordance with Administrative Review Law (735 ILCS 5/3-101 
et
 
seq
. (West 2000)).  35 ILCS 200/16-195 (West 2000); 
Oregon Community Unit School District No. 220 v. Property Tax Appeal Board
, 285 Ill. App. 3d 170, 674 N.E.2d 129 (1996).   

Cook County first argues that PTAB violated its own rules when it accepted and relied on a 1995 appraisal to determine fair market value for 1997. 

The scope of PTAB's power and authority is a question of law we review 
de novo
.  
Geneva Community Unit School District No. 304 v. Property Tax Appeal Board
, 296 Ill. App. 3d 630, 633, 695 N.E.2d 561 (1998).

The contesting party bears the burden of providing "substantive, documentary evidence or legal argument sufficient to challenge the correctness of the assessment" in a PTAB appeal.  86 Ill. Adm. Code §1910.63(b) (Conway Greene CD-ROM 2002).  Cook County contends that this burden requires a contesting party to submit an appraisal as of the date of assessment at issue.  We disagree.

Section 1910.65(c) reads:

"(c) Proof of the market value of the subject property may consist of the following:

(1) an appraisal of the subject property as of the assessment date at issue;

(2) a recent sale of the subject property;

(3) documentation evidencing the cost of construction of the subject property including the cost of the land and the value of any labor provided by the owner if the date of construction is proximate to the assessment date; or 

(4) documentation of not fewer than three recent sales of suggested comparable properties together with documentation of the similarity, proximity and lack of distinguishing characteristics of the sales comparables to the subject property."  86 Ill. Adm. Code §1910.65(c) (Conway Greene CD-ROM 2002).  

Cook County's argument is based on a misreading of this rule.  There is no requirement that  a taxpayer must submit a particular type of proof in support of an appeal.  The rule instead sets out the types of proof that 
may
 be submitted.  Legislative use of the word "may" is construed as permissive, not mandatory.  
In re Marriage of Freeman
, 106 Ill. 2d 290, 298, 478 N.E.2d 326 (1985).  Clear and unambiguous regulatory provisions will be applied as written.  We will not read into them exceptions, limitations or conditions not originally intended.  
Davis v. Toshiba Machine Co., America
, 186 Ill. 2d 181, 184-85, 710 N.E.2d 399 (1999).  Whether a two-year old appraisal is "substantive, documentary evidence" of a property's value goes to the weight of the evidence, not its admissibility.  See 
Department of Transportation v. Zabel
, 47 Ill. App. 3d 1049, 1052, 362 N.E.2d 877 (1977) (whether a six-month-old appraisal is sufficient to establish value is for the trier of fact to consider in weighing the evidence).  Cook County's arguments relating to the weaknesses of a two-year-old appraisal underscore our conclusion.  PTAB did not violate its rules in considering a 1995 appraisal report to determine fair market value in 1997.

Cook County next argues that PTAB's fair market value determination was against the manifest weight of the evidence.

An administrative agency decision will be set aside only when it is against the manifest weight of the evidence.  
Kankakee County Board of Review v. Property Tax Appeal Board
, 131 Ill. 2d 1, 10, 544 N.E.2d 762 (1989).  A decision fairly supported by competent evidence in the record will be sustained on review.  
Illini Country Club v. Property Tax Appeal Board
, 263 Ill. App. 3d 410, 417, 635 N.E.2d 1347 (1994).    

Cook County claims that PTAB should have given little or no weight to the 1995 appraisal.  Cook County contends that the value assigned in 1995 was not connected to 1997 market conditions, making the 1995 value unreliable.  This argument amounts to a difference of opinion as to the cash value of the property–a dispute in which we will not interfere.  
Kankakee
, 131 Ill. 2d at 14; 
Edward Rose Building Co. v. Property Tax Appeal Board
, 216 Ill. App. 3d 1063, 1065-66, 576 N.E.2d 572 (1991).  The argument also overlooks the quantity of evidence supporting PTAB's decision.

Sears' appraisal report was supplemented by the author's live testimony.  Herman explained  his valuation approaches in detail and set out how he calculated the property value in 1995.  Herman then testified that he inspected the property in 1997 and noticed no significant changes that would affect  property value.  

By contrast, Cook County presented no witness testimony and relied solely on a 1997 valuation report drafted by a person who had not inspected the property.  Sears rebutted this evidence with testimony by Battuello.  Battuello criticized the valuation report, finding it inaccurate and based on numerous misstatements.  Battuello also noted that the report was incomplete, having considered only two of the three valuation approaches.  Battuello also noted that the comparables listed were not compatible with the property and yielded an inaccurate comparison.  PTAB's finding that the 1995 appraisal report was superior to the 1997 valuation report generated by the assessor's office was not against the manifest weight of the evidence under this record.  

Differences of opinion as to appraised valuations will not be the basis for reversing an assessment.  
Robinson v. Property Tax Appeal Board
, 72 Ill. App. 3d 155, 157, 390 N.E.2d 942 (1979).  The fact that reasonable minds differ as to the value does not make a decision against the manifest weight of the evidence.  
Board of Review v. Illinois Property Tax Appeal Board
, 104 Ill. App. 3d 859, 863-64, 433 N.E.2d 692 (1982).  PTAB's decision assigning a corrected fair market value of $7,500,00 and reducing the assessed value to $2,548,187 is affirmed.

Affirmed.  

McBRIDE, P.J., and GREIMAN, J., concur.