2025 IL App (1st) 241868

Nos. 1-24-1868 & 1-24-1869 (cons.)

Opinion filed November 12, 2025

Second Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CUMBERLAND ACQUISITION, LLC, | ) | Appeal from the |
| | ) | Illinois Property |
| Petitioner-Appellant, | ) | Tax Appeal Board. |
| | ) | |
| v. | ) | Nos. 21-52896-C-3 |
| | ) | 22-45773-C-3 |
| THE ILLINOIS PROPERTY TAX APPEAL BOARD, | ) | |
| and THE COOK COUNTY BOARD OF REVIEW, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justices Ellis and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner Cumberland Acquisition, LLC (Cumberland) challenges the Illinois Property

Tax Appeal Board's (Appeal Board) dismissal of two tax appeals regarding the assessment of a

commercial property in Chicago. The Appeal Board dismissed Cumberland's tax appeals as a

sanction for submitting Martin Siegel's appraisal, which claimed that Siegel's appraiser license

was active when it had actually expired. For the following reasons, we reverse and remand for

further proceedings consistent with this order.

¶ 2                                    I. BACKGROUND

¶ 3     This appeal concerns an office park on North Cumberland Avenue in Chicago. The Cook County Board of Review assessed the property's value as $9,169,808 in 2021 and $4,878,439 in 2022. Commercial property in Cook County is assessed at 25% of its fair market value. *Central Nursing Realty, LLC v. Illinois Property Tax Appeal Board*, 2020 IL App (1st) 180994, ¶ 4. An appraisal can determine a property's fair market value. *Cook County Board of Review v. Property Tax Appeal Board*, 334 Ill. App. 3d 56, 59 (2002). Cumberland appealed both assessments to the Appeal Board in two separate cases, which we will refer to as the "2021 tax appeal" and the "2022 tax appeal."

¶ 4     In Illinois counties with three million or more inhabitants, the county assesses the value of real property once every three years. 35 ILCS 200/9-220 (West 2020); 86 Ill. Adm. Code 1910.5(b)(12) (2023). A taxpayer who seeks to challenge the county's assessment must appeal to the Appeal Board. *1411 North State Condominium Ass'n v. Illinois Property Tax Appeal Board*, 2016 IL App (1st) 143757, ¶ 5. The Appeal Board is an administrative agency tasked with "determin[ing] the correct assessment *** of any parcel of real property which is the subject of an appeal, based upon facts, evidence, exhibits and briefs." 86 Ill. Adm. Code 1910.10(b) (1997). After considering the appeal, the Appeal Board may then "revise the assessment of any particular parcel of real property when it finds such assessment to be in error." *Id.* § 1910.10(d).

¶ 5                              A. Initial Tax Appeal Proceedings

¶ 6     In support of the 2021 tax appeal, Cumberland submitted Siegel's appraisal dated April 12, 2022. Siegel appraised the property's fair market value as $9.5 million as of January 1, 2021. Siegel's signature block claimed that he was an "Illinois Certified General Real Estate Appraiser"

and that his license expired on September 30, 2023. Siegel's *curriculum vitae* attached to his report also claimed that he was a "Certified General Real Estate Appraiser" in Illinois.

¶ 7    The Appeal Board found that Cumberland met its initial burden of going forward under section 1910.63(b) of the Administrative Code, which requires the tax appellant to "provide substantive, documentary evidence or legal argument sufficient to challenge the correctness of the assessment of the subject property." 86 Ill. Adm. Code 1910.63(b) (2000). Therefore, the Appeal Board ordered respondent Cook County Board of Review to submit rebuttal evidence. The Cook County Board of Review did so, but it did not raise any issues with Siegel's appraiser license.

¶ 8    While the 2021 tax appeal was pending, Cumberland filed the 2022 tax appeal. Cumberland again submitted Siegel's April 12, 2022, appraisal in support of the 2022 tax appeal. Also, in support of the 2022 tax appeal, Cumberland submitted a second appraisal prepared by Kelly Appraisal Consultants (Kelly), which valued the property at $12 million as of January 1, 2022.

¶ 9    The Appeal Board again found that Cumberland met its initial burden of going forward under section 1910.63(b) and ordered the Cook County Board of Review to submit rebuttal evidence. The Cook County Board of Review did not raise any issues with Siegel or Kelly's appraisals. It appears that neither tax appeal reached a hearing on the merits.

¶ 10                              B. Sanctions Proceedings

¶ 11    On July 11, 2024, the Appeal Board *sua sponte* issued notice of a sanctions hearing to be held on August 13, 2024. The notice stated that, in June 2024, the Appeal Board learned from the Illinois Department of Financial and Professional Regulation that, although Siegel was at one point a licensed appraiser, his license had expired on September 30, 2021. After his license expired, Siegel submitted appraisals in 73 cases before the Appeal Board, including both of Cumberland's

tax appeals. The notice did not cite the section of the Administrative Code that authorizes the Appeal Board to impose sanctions (86 Ill. Adm. Code 1910.69 (2019)). Rather, the notice cited the section of the Administrative Code that requires a tax appellant to submit substantive documentary evidence to meet its burden of going forward in challenging a tax assessment (86 Ill. Adm. Code. 1910.63(b) (2000)). Nevertheless, the notice stated that the Appeal Board would "consider the sanction of dismissal."

¶ 12    On August 1, 2024, Cumberland filed a motion requesting 30 to 60 days to file a new appraisal in the 2021 tax appeal, which Kelly had agreed to prepare. Cumberland's motion proposed to withdraw Siegel's appraisal in the 2021 tax appeal and replace it with Kelly's. In addition, Cumberland explained that it was not aware that Siegel's license had expired. Cumberland had never hired Siegel before and only hired him on the recommendation of Cumberland's former counsel, whom Cumberland had replaced with a new law firm, which then hired Kelly. Cumberland argued that it did not intend to deceive the Appeal Board; rather, Cumberland was the "victim" of Siegel's undisclosed failure to renew his appraiser license. Cumberland also noted that the expiration of Siegel's license did not mean he was "an unqualified lay person lending his uneducated estimate of value"; rather, he was still an "appraiser who had completed years of training." As an alternative remedy, Cumberland proposed that the Appeal Board consider the raw data in Siegel's appraisal without giving any weight to his conclusions. In support of that approach, Cumberland cited a prior Appeal Board decision, *Minor*, Ill. Prop. Tax App. Bd. No. 08-04751.001-R-1 (Feb. 21, 2014).

¶ 13    The Appeal Board held the sanctions hearing on August 13, 2024. The minutes of that hearing reflect that Cumberland reiterated the arguments it raised in its motion. In addition, the

minutes state that the Appeal Board and the parties did not know why Siegel's license had expired, but it may have been "due to him not completing a [continuing education] class." "Siegel may have been under an assumption that he was licensed because the Department [of Financial and Professional Regulation] cashed his check." In any event, Cumberland was no longer in contact with Siegel and had fired the law firm that hired him. Cumberland expressed optimism that it would be able to settle both tax appeals with the Cook County Board of Review if the Appeal Board granted the relief Cumberland's motion requested. Cumberland contended that punishing it for Siegel's licensure issue would result in a $1 million tax penalty to Cumberland, which was unfair. The Appeal Board rejected these arguments and voted unanimously to dismiss both tax appeals.

¶ 14    On August 28, 2024, the Appeal Board issued written orders dismissing both of Cumberland's tax appeals as sanctions, although neither order cited the sanctions provision (86 Ill. Adm. Code 1910.69 (2019)). The Appeal Board found that (1) Siegel fraudulently misrepresented that he was a licensed appraiser and did so to induce the Appeal Board to act in a manner that would benefit both him and Cumberland; (2) Cumberland was responsible for the evidence it submitted to the Appeal Board regardless of Siegel's motivations or whether Cumberland knew of his misrepresentations; (3) "[t]he submission of a fraudulently defective appraisal intended to deceive [the Appeal Board] is egregious, hampers the administration of the [Appeal Board]'s operations, and is sanctionable"; and (4) "[w]ithout the appraisal that fraudulently indicated that Siegel was licensed, [Cumberland] would not have survived the initial 1910.63(b) review." Regarding the final point, the Appeal Board explained that:

"The Property Tax Appeal Board (the Board) reviewed the evidence submitted by the appellant to determine if the appellant met its burden of challenging the correctness of the assessment with substantive, documentary evidence. *The Cook County Board of Review v. The Property Tax Appeal Board*, 334 Ill. App. 3d 56, 59, 777 N.E.3d 622, 267 Ill. Dec. 819 (2002), quoting 86 Ill. Adm. Code § 1910.63(b). Documentary evidence includes an appraisal of the subject property. 86 Ill. Adm. Code § 1910.65(c)(1). When conducting the Section 1910.63 review, the Board relied on Siegel's appraisal, which indicated that Siegel was a Certified General Real Estate Appraiser. Based on the Siegel appraisal, the Board determined that the appellant met its Section 1910.63 burden."

In addition, the Appeal Board found that "[t]he Kelly appraisal does not support the requested A[ssesment] V[alue] on the appellant's petition, and therefore, the appellant would not have satisfied the 1910.63(b) review with the Kelly appraisal."

¶ 15    Cumberland timely petitioned for direct review in this court.

¶ 16                                II. ANALYSIS

¶ 17    Cumberland contends that the Appeal Board lacked statutory authority to dismiss Cumberland's tax appeals as a sanction and that doing so violated Cumberland's right to due process. In the alternative, Cumberland argues that, even if the Appeal Board had authority to dismiss the tax appeals as a sanction, doing so was an abuse of discretion. We review the Appeal Board's final decision under the Administrative Review Law. 735 ILCS 5/3-101 to 3-113 (West 2020); 35 ILCS 200/16-195 (West 2020).

¶ 18    The first question is whether the Appeal Board had statutory authority to dismiss Cumberland's tax appeals as a sanction for Siegel's misrepresentation about the status of his

appraiser license. Cumberland contends that the Appeal Board did not have such authority. The Appeal Board argues that it did and that Cumberland forfeited this argument by failing to raise it in tax appeal proceedings. These arguments ask us to construe the statutes and regulations that authorize the Appeal Board to impose sanctions, so *de novo* review applies. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 380 (2008); *Mohorn-Mintah v. Board of Education of Chicago*, 2020 IL App (1st) 182011, ¶ 17; *CBS Outdoor, Inc. v. Department of Transportation*, 2012 IL App (1st) 111387, ¶ 26 (we review *de novo* whether an agency's decision complied with the agency's own regulations).

¶ 19                                              A. Forfeiture

¶ 20    Cumberland was aware that the Appeal Board was considering dismissal sanctions but never challenged the Appeal Board's statutory authority to impose such sanctions. As a result, the Appeal Board contends that Cumberland has forfeited its challenge to the Appeal Board's statutory authority to impose dismissal sanctions in this case.

¶ 21    Generally, "[a]ny issue that is not raised before the administrative agency *** will be forfeited by the party failing to raise the issue." *Crowley v. Board of Education of Chicago*, 2014 IL App (1st) 130727, ¶ 35 (citing *Board of Education, Joliet Township High School District No. 204 v. Board of Education, Lincoln Way Community High School District No. 210*, 231 Ill. 2d 184, 205 (2008)). But when an administrative agency acts beyond its specific statutory authority, its acts without jurisdiction, and "[i]ts actions are void, a nullity from their inception." *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 165 (2002). "Because agency action for which there is no statutory authority is void, it is subject to attack at any time ***." *Id.* at 166.

¶ 22    Cumberland contends that Appeal Board does not, under *any* circumstances, have statutory authority to dismiss a tax appeal as a sanction for the appellant submitting the report of an appraiser who falsely claims to have an active license. According to Cumberland, section 1910.69 of the Administrative Code (86 Ill. Adm. Code 1910.69 (2019)) sets forth an exclusive list of sanctions the Appeal Board can impose, and the sanctions imposed in this case are not included in that list. In other words, Cumberland does not contend that the dismissal sanctions the Appeal Board imposed were legally authorized but still improper because the Appeal Board abused its discretion. Rather, Cumberland contends that those sanctions were never available to the Appeal Board as a matter of law. Because this argument challenges the Appeal Board's actions as beyond its statutory authority and therefore void, we find that Cumberland has not forfeited it. See *Board of Education of Chicago v. Board of Trustees of the Public School Teachers' Pension & Retirement Fund*, 395 Ill. App. 3d 735, 739 (2009).

¶ 23                    B. Sanctions under Section 1910.69

¶ 24    We now consider whether the Appeal Board exceeded its statutory authority in imposing dismissal sanctions based on Siegel's misrepresentation about the status of his license.

¶ 25    The Appeal Board is an administrative agency (*Cook County Board of Review v. Property Tax Appeal Board*, 339 Ill. App. 3d 529, 538 (2002)), so "[t]he only powers it possesses are those granted to it by the legislature" (*Daniels*, 201 Ill. 2d at 165). The Appeal Board has no inherent or common law powers. See *Mohorn-Mintah*, 2020 IL App (1st) 182011, ¶ 19. A statute must specifically authorize any action the Appeal Board takes. See *Daniels*, 201 Ill. 2d at 165.

¶ 26    The Property Tax Code provides that Appeal Board proceedings "shall be conducted in accordance with the rules of practice and procedure promulgated by the [Appeal] Board." 35 ILCS

200/16-170 (West 2020). Those rules of practice and procedure appear in part 1910 of the Illinois Administrative Code. 86 Ill. Adm. Code 1910.5 *et seq.* (2023). Our primary objective in interpreting these rules is to ascertain and give effect to their intent. *CBS Outdoor*, 2012 IL App (1st) 111387, ¶ 27. If the language used in these rules is unambiguous, we must apply it as written, and we cannot depart from the rules' plain meaning. *Id.*

¶ 27      Section 1910.69 is titled "Sanctions" and allows the Appeal Board to impose two types of sanctions for five types of misconduct. 86 Ill. Adm. Code 1910.69 (2019). The Appeal Board may *dismiss* a tax appeal when the appellant fails to (1) furnish a court reporter or a court reporter's transcript or (2) pursue disposition of the appeal in a reasonable time. *Id.* § 1910.69(d), (e). The Appeal Board may *default* a party when (1) the party fails "to comply fully with all rules and/or specific requests of the Property Tax Appeal Board," (2) the party fails to appear for a hearing or pre-hearing conference, or (3) the party, its attorney, or its witness "engages in threatening, disruptive, vulgar, abusive or obscene conduct or language which delays or protracts a proceeding." *Id.* § 1910.69(a), (b), (c).

¶ 28      When an administrative rule such as section 1910.69 lists certain items, we infer that anything not included in the list is excluded from the list. See *City of St. Charles v. Illinois Labor Relations Board*, 395 Ill. App. 3d 507, 509-510 (2009) ("The maxim of construction *inclusio unius est exclusio alterius* means that the inclusion of one thing implies the exclusion of another;" that is, "where a statute lists the thing or things to which it refers, the inference is that all omissions are exclusions, even in the absence of limiting language." (Internal quotation marks omitted.)). Section 1910.69 authorizes dismissal sanctions in only two circumstances—when the appellant fails to (1) provide a court reporter or transcript or (2) timely prosecute the appeal. 86 Ill. Adm. Code

1910.69(d), (e) (2019). That two-item list does not include a party submitting the report of an unlicensed appraiser or misrepresenting that the appraiser's license is active when it is not. Therefore, section 1910.69 did not authorize the dismissal sanctions the Appeal Board imposed against Cumberland. The rules that the Appeal Board promulgates have the force of law, and the Appeal Board must follow its own rules. *1411 North State Condominium Ass'n*, 2016 IL App (1st) 143757, ¶ 39; see *Madigan*, 231 Ill. 2d at 380. By dismissing Cumberland's appeals for reasons not listed in section 1910.69, the Appeal Board violated its own rules. *CBS Outdoor*, 2012 IL App (1st) 111387, ¶ 28. ("An agency's decision that contrary to duly promulgated regulations must be reversed.").

¶ 29     There is scant case law on section 1910.69 sanctions, but *County of Whiteside v. Property Tax Appeal Board*, 276 Ill. App. 3d 182 (1995), indicates that the Appeal Board cannot impose sanctions that section 1910.69 does not specifically authorize. In that case, the respondents urged the Appeal Board to dismiss a steel mill's tax appeal as a sanction under section 1910.69, due to the steel mill's refusal to allow the Appeal Board to inspect its property. *Id.* at 189. The Appeal Board declined to impose sanctions, reasoning that it had no statutory authority to inspect the property. *Id.* This court agreed, explaining that the Appeal Board has no power to compel access to an appellant's property. *Id.* "Therefore, section 1910.69(a) does not authorize dismissal for failure to comply with a demand which the Appeal Board ha[s] no authority to make." *Id.* While *County of Whiteside* is not identical to this case, it does suggest that the Appeal Board cannot impose sanctions beyond what section 1910.69 expressly authorizes.

¶ 30     It is telling that, despite characterizing the proceedings at issue as sanctions proceedings, the Appeal Board never cited section 1910.69 in support of imposing sanctions in this case.

Similarly, in this appeal, the Appeal Board makes little effort to justify sanctions under section 1910.69. The Appeal Board claims only that dismissal sanctions were proper under section 1910.69(a). But section 1910.69(a) authorizes default, not dismissal, as a sanction. 86 Ill. Adm. Code 1910.69(a) (2019). The Appeal Board never claimed to default Cumberland, so it cannot have imposed sanctions under section 1910.69(a).

¶ 31    Furthermore, the Appeal Board's actions confirm that it did not default Cumberland pursuant to section 1910.69(a), contrary to what the Appeal Board now claims. Under section 1910.69(a), the defaulted party forfeits the right to "participate in *any* hearing and shall not receive further notice of the proceedings, decisions or rulings of the appeal from the Property Tax Appeal Board." (Emphasis added.) *Id.* Cumberland received notice of and participated in the sanctions hearing, and it received the Appeal Board's rulings following that hearing. So, the Appeal Board did not default Cumberland under section 1910.69(a).

¶ 32    The Appeal Board argues that, even if section 1910.69 did not specifically authorize the sanctions imposed in this case, they were nevertheless a permissible "interpretation" of the Board's rules under the Board's "implied authority." We disagree. Our supreme court is clear that any action an administrative agency takes "must be specifically authorized by statute." *Daniels*, 201 Ill. 2d at 165 (citing *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243-44 (1989)); see *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 38 (citing *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 553 (2005)).

¶ 33    We acknowledge that some cases take a broader view, reasoning that an administrative agency has latitude to do what is reasonably necessary to execute its general goals. See, *e.g.*, *Lake*

*County Board of Review v. Property Tax Appeal Board of Illinois*, 119 Ill. 2d 419, 428 (1988); *Wilson v. Department of Professional Regulation*, 317 Ill. App. 3d 57, 63 (2000). But even accepting that principle, the Appeal Board's legislatively assigned goal is to resolve tax appeals based on "equity and the weight of evidence." 35 ILCS 200/16-185 (West 2020). The Appeal Board is not tasked with punishing the clients of appraisers for professional misconduct. Accordingly, we find that the dismissal sanctions the Appeal Board imposed against Cumberland exceeded the Appeal Board's authority under section 1910.69.

¶ 34                    C. Dismissal Under Section 1910.63(b)

¶ 35    Instead of relying on section 1910.69 to impose sanctions, the Appeal Board relied on section 1910.63(b) as authority for dismissing Cumberland's appeals. The Appeal Board's final orders stated that "[w]ithout the appraisal that fraudulently indicated that Siegel was licensed, [Cumberland] would not have survived the initial 1910.63(b) review conducted by the Board."

¶ 36    Section 1910.63 is not a sanctions provision; it does not mention sanctions at all. 86 Ill. Adm. Code 1910.63 (2000). Rather, it governs the burdens and order of proof in Appeal Board proceedings. *Id.* The first burden of proof is the appellant's burden of going forward. "Under the burden of going forward, the contesting party must provide substantive, documentary evidence or legal argument sufficient to challenge the correctness of the assessment of the subject property. Failure to do so will result in the dismissal of the appeal." *Id.* § 1910.63(b). Such documentary evidence *may*, but does not *have to*, include an appraisal. 86 Ill. Adm. Code 1910.65(c)(1) (1997) ("Proof of the market value of the subject property *may* consist of *** an appraisal of the subject property ***." (Emphasis added.)). Submitting an appraisal, even one that ultimately proves to be erroneous, is sufficient to meet the initial burden of going forward. *Kendall County Board of*

*Review v. Property Tax Appeal Board*, 337 Ill. App. 3d 735, 740-41 (2003). Section 1910.63(b) authorizes dismissal when the tax appellant submits *nothing* in support of its challenge to the assessment at issue. See *Commonwealth Edison Co. v. Illinois Property Tax Board*, 378 Ill. App. 3d 901, 918 (2008) ("By not raising a claim of overvaluation, to say nothing of failing to produce evidence of valuation, ComEd never carried its burden of production ***.").

¶ 37    If the tax appellant carries its initial burden of production, then the burden shifts to the responding tax board and any intervenors to provide rebuttal evidence. Then the burden shifts back to the appellant to prove the value of the subject property by a preponderance of the evidence. 86 Ill. Adm. Code 1910.63(c), (d), (e) (2000); *Commonwealth Edison*, 378 Ill. App. 3d at 913-14.

¶ 38    We find that dismissing the 2022 tax appeal pursuant to 1910.63(b) was error. Even if the Appeal Board disregarded Siegel's appraisal, Cumberland submitted other substantive documentary evidence in support of that tax appeal: the Kelly appraisal. Therefore, Cumberland met its burden of going forward under section 1910.63(b) in the 2022 tax appeal. Although the Appeal Board rejected the Kelly appraisal, that was an impermissible conclusion for the Appeal Board to make at the section 1910.63(b) stage, as we explain below.

¶ 39    The 2021 tax appeal is a closer call. Siegel's appraisal was the only substantive documentary evidence Cumberland submitted in support of that appeal. If the Appeal Board disregarded Siegel's report, then the 2021 tax appeal would have been unsupported by substantive documentary evidence and subject to dismissal under section 1910.63(b). However, we have found no legal authority allowing the Appeal Board to disregard, strike, or reject an appellant's documentary evidence at the section 1910.63(b) stage.

¶ 40     If the Appeal Board believed that Siegel's expired license was devastating to the reliability of his appraisal, it should have treated that as an issue of weight and resolved the tax appeals on the merits rather than dismissing them as a sanction. The Appeal Board took that approach in a 2014 decision that Cumberland attached to its motion for extension. *Minor*, Ill. Prop. Tax App. Bd. No. 08-04751.001-R-1 (Feb. 21, 2014). In that tax appeal, the appellants submitted an appraisal prepared by Michael Zawislak, and the case proceeded to a hearing on the merits. On cross-examination, Zawislak admitted that he was not a licensed appraiser, although he was an experienced real estate broker and had an accounting degree. Because Zawislak was not a licensed appraiser, the Appeal Board considered the data on which he relied but gave "no weight to [his] final value conclusion or adjustments." *Id.* at 3. The Appeal Board did not mention sanctions pursuant to section 1910.69 or dismissal pursuant to section 1910.36(b). We see no reason why the Appeal Board would not take the same approach in this case.

¶ 41     Appellate case law supports that approach as well. In *Joliet Township High School District 204 v. Illinois Property Tax Appeal Board*, 2021 IL App (3d) 190477, the owner of a nursing home appealed Will County's tax assessments for 2014 and 2015. *Id.* ¶ 1. The tax appeal proceeded to a hearing on the merits. *Id.* ¶ 7. The respondent's only witness was Dave Butalla, who was not a licensed appraiser, "completed only one 'full-blown' appraisal of a business" in his career, and had never appraised a nursing home. *Id.* ¶ 17. Nevertheless, the Appeal Board allowed Butalla to testify to his appraisal of the nursing home's property value in 2014 and 2015. *Id.* ¶¶ 17-21. In its ruling, the Appeal Board gave Butalla's testimony " 'little weight' " because he was not a licensed appraiser, but it did not impose or even consider sanctions. *Id.* ¶ 23. This court affirmed, finding that the Appeal Board properly gave Butalla's testimony less weight than the testimony of the

opposing party's licensed and experienced appraiser. *Id.* ¶¶ 32-33. *Joliet Township* shows that an appraiser's lack of licensure is an issue of weight, not a basis for dismissal. That case also undermines the Appeal Board's claim that Siegel, as an "unlicensed appraiser *** would not have been permitted to testify in support of" his appraisal. Apparently, the Appeal Board does allow unlicensed appraisers to testify in some cases.

¶ 42    Similarly, this court has explained that an appraisal meets the appellant's burden of going forward even if the Appeal Board ultimately gives that appraisal "little or no weight" in a hearing on the merits. *Kendall County Board of Review*, 337 Ill. App. 3d at 741. Likewise, the fact that an appraisal was conducted long before the tax years at issue is a matter of weight; it does not prevent the appellant from fulfilling its burden of going forward under section 1930.63(b). *Cook County Board of Review*, 334 Ill. App. 3d at 59. These cases show that when an appraiser or appraisal has flaws—lack of an active license, for example—the Appeal Board cannot use those flaws to dismiss the tax appeal at the section 1910.63(b) stage. Rather, the Appeal Board must treat those flaws as bearing on the weight of the appraisal when deciding the *merits* of the tax appeal. In this case, the Appeal Board was free to give Siegel's appraisal little or no weight due to his misrepresentations about his license but had no authority to retroactively dismiss the tax appeals under section 1910.63(b). For the same reason, the Appeal Board was not permitted to weigh and reject the substance of the Kelly appraisal at the section 1910.63(b) stage.

¶ 43    We acknowledge that it is improper for a tax appellant to submit an appraisal that falsely claims the appraiser's license is active. The Appeal Board must be able to trust that individuals who claim to be licensed appraisers are in fact licensed appraisers. Nevertheless, the Appeal Board's own rules require that "[e]ach hearing shall be conducted in a manner best calculated to

conform to substantial justice" (86 Ill. Adm. Code 1910.92(a) (2006)), and the Board's decisions must be based on "equity and the weight of evidence" (35 ILCS 200/16-185 (West 2020)). These rules must be adhered to, particularly in the face of Cumberland's assertion that it had no idea that Siegel's license had expired. The Appeal Board committed an *ultra vires* act, meaning that it acted beyond the power conferred upon it by law. See Black's Law Dictionary 1522 (6th ed. 1990).

¶ 44    The Appeal Board contends that, by submitting the appraisal of an unlicensed appraiser, Cumberland failed to provide "[a]ll information required" to support its tax appeal petitions, thereby violating section 1910.30(k) (86 Ill. Adm. Code 1910.30(k) (2023)). Assuming that is true, section 1910.30(k) required the Appeal Board to notify Cumberland of the deficiency and allow 30 days to correct it. See *id.* That is precisely what Cumberland's motion for an extension proposed. But, instead of following the section 1910.30(k) notice-and-correction process, the Appeal Board advanced directly to sanctions proceedings. The Appeal Board's own rules do not authorize that approach.

¶ 45    In addition, The Appeal Board argues that Siegel's report was "inadmissible" in violation of the Property Tax Code's requirement that parties submit "proper and admissible" evidence. See 35 ILCS 200/16-180 (West 2020). In fact, that section of the Property Tax Code requires the Appeal Board to establish an "informal procedure" that "eliminate[s] formal rules of *** evidence." *Id.* Regardless, any admissibility issues with Siegel's report would have applied only at a hearing on the merits. See *id.* ("A party participating in the hearing before the Property Tax Appeal Board is entitled to introduce evidence that is otherwise proper and admissible ***."). Admissibility is not a factor in the section 1910.63(b) initial review. 86 Ill. Adm. Code 1910.63(b) (2000).

¶ 46    The Appeal Board argues that "Cumberland and its attorneys failed to conduct the most rudimentary investigation into Siegel's credentials before relying on him to prepare and submit an appraisal." That is true. However, no section of the rules governing procedure and practice before the Appeal Board authorizes dismissal due to a party's failure to investigate its own appraiser. We also observe that Cumberland was not the only party that failed to discover that Siegel's license had expired. The Cook County Board of Review did not mention that in its rebuttals to Cumberland's tax appeals. And the Appeal Board learned of Siegel's expired license from the Illinois Department of Financial and Professional Regulation, even though 73 appeals in which Siegel was involved were pending before the Appeal Board.

¶ 47    The cases the Appeal Board cites in support of this argument are easily distinguishable. They involve an imposter "expert" and the presentation of false testimony in criminal trials. See, *e.g.*, *People v. Cornille*, 95 Ill. 2d 497, 513-14 (1983); *People v. McKinney*, 31 Ill. 2d 246, 250 (1964). Accordingly, we find that section 1910.63(b) did not authorize the Appeal Board to retroactively dismiss Cumberland's tax appeals.

¶ 48    Dismissal sanctions are "the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers *** have failed." (Internal quotation marks omitted.) *Reyes v. Menard, Inc.*, 2012 IL App (1st) 112555, ¶ 46. That principle applies to this case, especially considering that our legislature has directed the Appeal Board to resolve tax appeals "based upon equity and the weight of evidence." 35 ILCS 200/16-185 (West 2020).

¶ 49    Because we find that the Appeal Board exceeded its statutory authority as a matter of law, we need not consider Cumberland's contentions regarding due process. Similarly, we need not

address Cumberland's argument that even if the Appeal Board had statutory authority to impose the sanctions at issue, it abused its discretion in doing so.

¶ 50                                    III. CONCLUSION

¶ 51     For the foregoing reasons, we reverse the Appeal Board's dismissal orders and remand for further proceedings consistent with this order.

¶ 52     Reversed and remanded.

*Cumberland Acquisition, LLC v. Illinois Property Tax Appeal Board*,
**2025 IL App (1st) 241868**

| | |
|---|---|
| **Decision Under Review:** | Petition for review of order of Illinois Property Tax Appeal Board, Nos. 21-52896-C-3, 22-45773-C-3. |
| **Attorneys for Appellant:** | Collin M. Bruck, of Croke Fairchild Duarte & Beres, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Valerie Quinn, Assistant Attorney General, of counsel) for appellees. |